## DUCK *v.* ABBOTT.

PARTNERSHIP.—Before the adoption of our present code, one partner could not sue another at law, to recover money claimed to be due on the unsettled partnership accounts, but since the distinction between law and equity has been abolished, this rule can have no application.

PRACTICE.—PARTIES.—A, B and C, having been engaged in a partnership business, A sued B for his share of the profits, which he alleged to be in B's hands. The complaint did not aver a dissolution, and an adjustment of the balances between the partners. *Held*, that C was a necessary party.

APPEAL from the *Dearborn* Circuit Court.

ELLIOTT, C. J.—*Abbott*, the appellee, sued *Duck*, the appellant, before a justice of the peace, on an account, for his interest in the proceeds of the sale of sacks, in the hands of *Duck*, and recovered a judgment. The case was appealed by *Duck* to the Circuit Court.

In the Circuit Court, upon a motion being made by the defendant below to dismiss the suit for want of a sufficient cause of action, the plaintiff, by leave of the court, filed an amended cause of action, in which it is averred that, in 1862, the plaintiff and defendant, and one *John C. Craig*, entered into a partnership for the purpose of buying and selling sacks; that by their agreement, the defendant was to furnish the capital, *Craig* was to attend to the buying, and the plaintiff was to repair the sacks, and attend to the sale of them. *Craig* was to receive one-fourth of the profits, and the residue of the profits was to be equally divided between the plaintiff and the defendant. An account is then stated, showing the number of sacks purchased, and their cost; the amount for which they were sold; the amount of the expenses of the partnership; the amount of net profits realized, and the share of each partner, the plaintiff's share being $149 25. It is also averred that the full amount of the proceeds of said sale came to the hands of the defendant (*Duck*) and that on demand he refused to pay the plaintiff the money so due to him. The defendant demurred to the amended complaint, for the want of proper parties, claiming that *Craig* should have been made a party to the suit. The court overruled the demurrer. The trial of the cause resulted in a finding and judgment for the plaintiff.

The only error assigned is the ruling of the court in overruling the demurrer to the complaint. Anterior to our present code, one partner could not sue another at law, to recover money claimed to be due on the unsettled partnership accounts, but since the distinction between law and equity has been abolished, the rule can have no application. Here, the complaint states the account, shows the amount due to the plaintiff, and alleges that the whole amount of the partnership assets is in the hands of the defendant. Under this showing, the appellee insists that he has no cause of action against *Craig*, and was not entitled to a judgment against him; that he only seeks to

recover his individual share of the profits of the partnership in the hands of the defendant, and that, in that share, *Craig* had no interest, and, therefore, *Craig* was not a necessary party. We cannot sustain this view of the case. The partnership consisted of three persons; the complaint does not show that there had been a settlement between them, and the amount due each ascertained; it does not even show that the partnership had terminated by the time limited for its continuance, or that it had been dissolved. It assumes that a certain per cent. of the net profits was due to the plaintiff, and seeks to litigate that question with *Duck* alone. *Craig* was certainly an interested party in the proper settlement of the question. Not being a party to the suit, he would not be bound by the judgment, or the conclusion of the court or jury as to the terms of the partnership, or the amount of net profits, and *Duck*, therefore, might be compelled to litigate the question over again with *Craig*. For these reasons, we think *Craig* should have been made a party defendant. If the complaint filed before the justice had shown the partnership, and the defendant had gone to trial upon the merits, without making any objection for the want of proper parties, it might have been too late to raise the objection, for the first time, in the Circuit Court. But the partnership was averred in the amended complaint filed in the latter court, and not in the original complaint before the justice, and the objection, therefore, was properly raised in the Circuit Court by demurrer. The court erred in overruling the demurrer to the complaint, and for that error the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded to the Circuit Court, with instructions to sustain the demurrer to the complaint, and permit the plaintiff below to amend his complaint and make *Craig* a party defendant.

*D. S. Major*, for appellant.

*W. S. Holman*, for appellee.