SHALTER *v.* CALDWELL.

PARTNERSHIP.—Before the adoption of the code, one partner could not sue another at law to recover money due on an unsettled partnership account. but the rule is otherwise now.

APPEAL from the *Tippecanoe* Common Pleas.

GREGORY, J.—*Caldwell* sued *Shalter* on a promissory note. The suit was commenced *December* 31, 1866. The appellant answered in two paragraphs, the first of which was withdrawn. The appellee demurred to the second paragraph because it did not state facts sufficient to constitute a defense, which demurrer was sustained and final judgment rendered thereon. The sustaining of this demurrer is the error complained of. The second paragraph sets forth, "that before suit was commenced the plaintiff was indebted to one *Samuel O. Fowler* on an account, a copy of which is made a part of the answer, in the sum of $1,294 71, which account was assigned to defendant, and which defendant offers to set-off against any amount found due to plaintiff, and claims a judgment against the plaintiff for $1,000." The items of the account are as follows: "To cash taken in drug store during four months, in the year 1865, $1,500, one-half of which was not paid over to me by you, $700; to cash had and received by you for me, by mistake in invoice of drug store, $195; to amount paid out by me for the firm, $799 42, your portion, $399 71—$1,294 71." The account was properly assigned by *Fowler* to the defendant, *January* 24, 1866.

The appellee has failed to furnish us a brief. The appellant says in his brief, "that the court below thought the items pleaded showed the existence of a partnership between *Fowler*, the assignor, and the appellee, and that this partnership was unsettled." If this was the objection to the answer, it was not well taken. Before the adoption of

our present code, one partner could not sue another at law to recover money claimed to be due on the unsettled partnership accounts, but since the distinction between law and equity has been abolished, this rule can have no application. *Duck* v. *Abbott*, 24 Ind. 349. Taking the bill of particulars as a part of the answer, we see no objection to it that can be reached by the demurrer filed.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the answer, and for further proceedings.

*J. M. La Rue*, *R. P. De Hart* and *Mailer* and *Ward*, for appellant.