*J. T. Dye* and *A. C. Harris,* for appellees.

———————o———————

## PAGE v. THOMPSON.

PARTNERSHIP.—*Suit Between Partners.— Code.*—Under the code, a partner can sue his copartner, not to recover the plaintiff's share of the partnership property or assets before the partnership business has been adjusted, but to obtain an adjustment of the partnership affairs and thus recover his entire interest therein. The case made must be such as would formerly have called for the interposition of a court of equity.

SAME.—Three persons were the owners of equal shares of a steamboat, which they ran on joint account as partners. Suit in the usual form as upon an assumpsit by one of them against another to recover one third of the amount which the latter owed the firm for liquors bought by him at the bar of the boat (the third partner being made a defendant to answer as to his interest). The partnership business had ceased, but there had been no settlement thereof, the firm being still indebted, and having uncollected claims due to it, and no balance having been agreed upon as due from one partner to the others or either of them, and no special promise having been made by the defendant to pay the plaintiff anything.

*Held,* that the suit would not lie.

APPEAL from the Jefferson Circuit Court.

FRAZER, J.—The appellant, the appellee, and another person were the owners of equal shares of the steamer "Mollie Gratz," and ran her on joint account as partners. Upon the boat they kept a bar, with liquors and cigars for sale. The appellant brought this suit against the appellee (making the other partner a defendant, to answer as to his interest), to recover one third of the amount which the appellee owed the firm for liquors, &c., purchased at the bar of the boat. The complaint was in the usual form as upon an assumpsit. The partnership business had ceased when the suit was brought, but there had been no settlement of the partnership business; the firm was still indebted and possessed uncollected claims due to it. No balance had been agreed upon as due from any partner to the others or to either of them, and no special promise had been made by the defendant to pay the plaintiff anything. The question before us is, whether under such circumstances the suit would lie.

This question must be determined as the court below determined it, in the negative. The appellant relies upon *Duck* v. *Abbott*, 24 Ind. 349; *Shalter* v. *Caldwell*, 27 Ind. 376; and *Heavilon* v. *Heavilon*, 29 Ind. 509. These cases go simply to the point that the former rule, that one partner could not sue his copartner at law, to recover his share of the partnership property or assetts, until the partnership had been adjusted, could have no application under the code; and for the plain reason that by the code we have but one form of action, which embraces all that was formerly comprehended both by actions at law and suits in equity. In equity a partner could sue his copartner and obtain an adjustment of the partnership affairs, and thus recover his whole interest therein. He can do the same thing under the code, but the action does not thereby become an action at law; nor can the suit be maintained unless the case made by the pleadings and proofs is such as would formerly have called for the interposition of a court of equity. It is, as formerly, an appeal to the power of a court of chancery,

and the case will fail if it be not such as gives a right to invoke that power. It is a misapprehension that the cases cited are to the effect that under the code a suit may be maintained which must formerly have failed both at law and in equity. We never meant to say so. This suit was to recover a debt due from one partner to the firm. It was partnership assets, and as such must be primarily applied to the payment of the partnership debts. The plaintiff had no right either at law or in equity to put any part of it in his private pocket, until the creditors of the firm were satisfied. It cannot be useful to cite authorities in support of so plain a proposition.

Affirmed, with costs.

*H. W. Harrington* and *C. A. Korbly,* for appellant.

*C. E. Walker,* for appellee.