## DEHORITY ET AL. *v.* NELSON.

PRACTICE.—*Pleading.*—*Demurrer.*—A demurrer questioning the sufficiency of a pleading consisting of both sufficient and insufficient paragraphs should be overruled.

PLEADING.—*Partnership.*—*Dissolution.*—*Action for an Accounting.*—A complaint by one member, against the others, of a copartnership, for an accounting, alleging the completion of the particular object for which it was formed, its terms as to the proportions of the investment, losses and gains to be shared by each, and that the defendants have failed to comply with such terms, sufficiently shows a dissolution of such copartnership and a right of action for such, or any other proper, relief

PRACTICE.—*Special Finding.*—*Venire De Novo.*—Where the special finding by the court of the facts in a cause definitely covers all the material issues raised by the pleadings therein, a *venire de novo* should not be granted.

SAME.—*New Trial.*—*Mistake.*—A mistake in such finding is reached by a motion for a new trial, and not for a *venire de novo.*

SAME.—*Surplusage.*—The fact that such finding embraces more than was necessary to be found is not ground for granting a *venire de novo.*

SAME.—*Conclusions of Law.*—*Exception to.*—*Effect of.*—By excepting to the conclusions of law of the court, drawn from its finding of the facts, the party excepting admits such facts to have been fully and correctly found.

SAME.—*Partnership.*—*Action for an Accounting.*—*Finding.*—*Judgment.*—*Costs.* —On the trial of an action by A., one partner, against B. and C., the others, for an accounting, the court found specially the formation of such partnership for a particular object, its accomplishment, the proper expenditure of all its receipts, that a loss, to have been, by the terms of such partnership, shared equally, had accrued, of which A. and B. had borne an equal excess over that borne by C., and that, during the continuance of such partnership, B., without the assent of A., had contracted with C. to receive the profits of the latter in such partnership, in consideration of paying off a certain debt due from him to another.

*Held,* on appeal to the Supreme Court, the evidence not being in the record, that the conclusions of law and judgment of the lower court, that the excess of such loss due to A. from C. should be assessed against the latter, in favor of the former, and the costs of the whole action against B., are presumed to have been right.

From the Madison Circuit Court.

*R. Lake* and *W. March,* for appellants.

*W. R. Pierse, A. D. Williams* and *C. D. Thompson,* for appellee.

Dehority *et al. v.* Nelson.

NIBLACK, J.—The appellee was the plaintiff, and the appellants were the defendants, in the court below.

The complaint states, that, in 1869, the plaintiff and the defendants entered into a copartnership for the purpose of making the excavations and embankments on section two of the canal, then being built by the Anderson Hydraulic Company, and each of the parties to this suit was to contribute one equal third part to the performance and completion of said work, and share one equal third part of the profits or losses arising from said work and contract.

That said work has been completed and received by said company, and that, by the terms of said copartnership, the same had been dissolved. That the defendants did not contribute to said work, and that there was an actual loss on the same to the amount of ten thousand dollars. That the defendants used of the gross proceeds of said work to their own private purposes, and converted a large amount, to wit, four thousand dollars, to their own use, and that the plaintiff was compelled to pay and did pay, out of his own private means, to complete said work, the sum of ten thousand dollars.

The plaintiff prayed that an account should be taken of said co-partnership, and that he should have judgment for five thousand dollars and other proper relief.

There was a second paragraph in the complaint, which claimed that the defendants were indebted to the plaintiff in the sum of four thousand dollars, for money had and received of him, a bill of particulars of which was filed therewith, and that said amount was due and wholly unpaid; concluding with a demand for judgment for nine thousand dollars and other proper relief.

The defendant Pence demurred separately to the complaint, but his demurrer was overruled, and he excepted.

Before the cause was placed at issue, the second paragraph of the complaint was withdrawn.

Pence then answered separately in four paragraphs:

1.   The general denial.

2.   That soon after the formation of said copartnership, he sold and transferred to the plaintiff and his codefendant Dehority all his interest in said copartnership and the assets thereof, and that they had, in consideration of such sale and transfer, assumed to pay all the debts and liabilities of the firm.

3.   The third paragraph substantially repeats the matters set out in the second paragraph, but in a little different form.

4.   Payment.

The defendant Dehority answered, also, separately in three paragraphs:

1.   In general denial.

2.   That before the commencement of the suit he had paid all the liabilities of the partnership, amounting to the sum of three thousand dollars. That the copartnership was indebted to him in the further sum of eight thousand dollars, which he was willing to set off against any demands against him, with a demand for judgment for the excess.

3.   That the plaintiff and the said Pence were indebted to him, said Dehority, in the further sum of five thousand dollars for moneys expended by him on account of said copartnership, for which he demanded a set-off and judgment.

The plaintiff replied in general denial of the second, third, and fourth paragraphs of the answer of Pence, and of the second and third paragraphs of Dehority's answer.

The cause was submitted to the court for trial without a jury, and, being requested by Dehority to make a special finding, the court, after having heard the evidence, found substantially as follows:

That the plaintiff and defendants, on or about the 18th day of June, 1869, entered into a copartnership for the purpose of constructing a portion of the Anderson Hydraulic Works; that they undertook and finally com-

pleted their job of work on or about the 15th day of June, 1871. That the partnership business, while such work was being carried on, was conducted without any regular or systematic account of the receipts or expenditures. That in consequence the court found it impossible, from the testimony of any one or all of the parties, or from the testimony of any other witness or witnesses, to ascertain the actual cost of said work, but that such an approximation to the actual cost thereof had been made, as to enable the court to determine the substantial rights of the parties without any very great injustice to any one.

The court further found, that the plaintiff contributed, in money, to the completion of said work, the sum of about, and not less than, four thousand five hundred dollars. That the defendant Dehority contributed, also, about, and not less than, four thousand five hundred dollars, in cash and labor, over and above any boarding he received out of the partnership assets; and that the defendant Pence contributed toward said work the sum of thirty-two dollars and fifty cents. That the parties received, through and in the name of the defendant Dehority, from the Anderson Hydraulic Company, for work and labor performed under their contract with said company, for the completion of their portion of said work, the sum of fourteen thousand six hundred and twenty-nine dollars and eighty cents. That the amount so paid to the parties by said Hydraulic Company, together with the several amounts contributed by them respectively, as above stated, was all expended in the completion of said work, and that, out of the money so received by the parties, there was nothing left for distribution amongst them after the payment of their debts, but that the firm created by such copartnership were substantially free from debt and liability. That there was an actual loss in the business, for which said firm was organized, of the sum of nine thousand and thirty-two dollars and fifty cents.

The court further found, that the defendant Dehority, by an agreement with his codefendant, Pence, contracted to pay off the subscription of the said Pence to said hydraulic company, in consideration that said Pence would allow him, said Dehority, all his share of the profits arising out of the said contract with said hydraulic company, but that the weight of evidence was to the effect, that the plaintiff was not a party to said agreement with said Pence, and never consented to any arrangement, whereby said Pence was released from his liability as a member of said firm; that, by virtue of an agreement between said Dehority and said Pence, a balance of five hundred and ninety-four dollars and eighty cents on the final order of the hydraulic company, in favor of said firm, went into the hands of said Pence, and was received by him, and accounted for to said Dehority by said Pence, in an individual business transaction between them, and that said Pence has in no wise accounted to said firm for any portion of said balance on said order; that, by the terms of the original agreement between the members of said firm, each member was to bear an equal part in the loss on said contract, above stated, which, being apportioned between them, requires each member to lose the sum of three thousand and ten dollars and eighty-three cents; that the plaintiff had already contributed to said loss the sum of four thousand five hundred dollars, from which deduct his share of the loss, to wit, three thousand and ten dollars and eighty-three cents, makes the sum of one thousand four hundred and eighty-nine dollars and seventeen cents more than his *pro rata* share of said loss, and that he is entitled to one-third of the balance due on said final order, that is, one-third of five hundred and ninety-four dollars and eighty cents, to wit, one hundred and ninety-eight dollars and twenty-six cents, showing a balance due the plaintiff of sixteen hundred and eighty-seven dollars and forty-three cents; that said Dehority had already contributed to said loss the sum of four thousand five hun-

dred dollars, from which take his share of said loss, to wit, three thousand and ten dollars and eighty-three cents, leaving the sum of one thousand four hundred and eighty-nine dollars and seventeen cents, which he has contributed more than his *pro rata* share; that he received in the transaction, by which the notes of Frank Pence were taken up, the sum of one hundred and sixty-eight dollars and seventy-five cents, and the one-third of the balance due on said final order of five hundred and ninety-four dollars and eighty cents, to wit, one hundred and ninety-eight dollars and twenty-six cents, which two items taken together make the sum of three hundred and sixty-seven dollars and one cent, and which, being deducted from the sum of one thousand four hundred and eighty-nine dollars and seventeen cents, leaves a balance of one thousand one hundred and twenty-two dollars and sixteen cents due to the said Dehority from said firm, under the original contract of partnership; that the said Pence contributed to said loss the sum of thirty-two dollars and fifty cents, which, being deducted from his *pro rata* share of said loss, that is, from three thousand and ten dollars and eighty-three cents, leaves the sum of two thousand nine hundred and seventy-eight dollars and thirty-three cents standing against him of unpaid losses, according to the original terms of said partnership, to which should be added one-third of said final order, received from said hydraulic company, to wit, one hundred and ninety-eight dollars and twenty-six cents, making a total balance standing against him, for which be should account to the other members of said firm, of the sum of three thousand one hundred and seventy-six dollars and fifty-nine cents; that there was therefore due to the plaintiff, from the said Pence, the sum of one thousand six hundred and eighty-seven dollars and forty-three cents, and that the plaintiff should recover against the said Pence his costs paid, laid out and expended in this action.

The court further found, that, by reason of the agree-

ment entered into between the said Dehority and the said Pence, subsequent to the original contract of partnership, the said Dehority was not entitled to recover from the said Pence any part of his unpaid portion of said losses, and that his losses being less than those of the plaintiff, he had no right to recover anything of the plaintiff, and, therefore, that the plaintiff and the said Pence ought each to recover of said Dehority their costs and charges paid, laid out and expended herein.

The defendants jointly and severally excepted to the finding of the court, and to the conclusions of law at which the court arrived thereon and thereupon; also, jointly and severally moved the court for a *venire de novo* in said cause, for the alleged reason that the finding of the court was insufficient to render judgment upon against the defendants, or either of them, and not within the issues formed by the pleadings. That motion was overruled, to which the defendants also jointly and severally excepted.

A motion for a new trial was then entered, and overruled. The defendants then moved in arrest of judgment, and that motion was also overruled, to which exceptions were also reserved.

Judgment was rendered in favor of the plaintiff, against Pence, for the sum of sixteen hundred and eighty-seven dollars and forty-three cents, and against Dehority for costs.

The appellants assign errors in this court, jointly and severally, as follows:

1st. The said Pence complains that the court below erred, in overruling his demurrer to the complaint;

2d. The said Pence and Dehority complain that the court erred, in overruling their joint and several motion for a *venire de novo;*

3d. That the court erred, in overruling the appellants' joint and several motion in arrest of judgment;

4th. That the court erred in its conclusions of law upon

the finding of the facts, and in rendering judgment against the appellants, in favor of the appellee;

5th. The said Dehority complains that the court erred in its conclusions of law upon its findings on the issue between him and the said Pence, and in refusing to render judgment in his favor, against the said Pence, for the amount paid by him to said Dehority, for the benefit of said copartnership, over and above his equal share; and,

6th. That the court erred in its conclusions of law as to the liability of the said Dehority for costs, and in rendering judgment against him, in favor of the plaintiff and the said Pence, for all costs made in the cause in the court below.

Pence's demurrer was to the whole complaint, and, as the second paragraph was then a part of the complaint and constituted, on its face, a good cause of action, the court did not err in overruling his demurrer. *Washington Township* v. *Bonney*, 45 Ind. 77; *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325.

But we are inclined to hold, that the first paragraph was good as the foundation of an equitable proceeding for an accounting between the parties, and to close up the partnership. It averred, that the partnership had been formed for the performance and completion of a particular piece of work, and that this work had been undertaken and completed by said firm. These, with other averments in the paragraph, we think sufficiently showed that the partnership had been dissolved. It brought all the parties into court, and contained a demand for general relief.

As we construe the paragraph, it is sufficient within the rules laid down in the authorities cited by the appellants. *Briggs* v. *Daugherty*, 48 Ind. 247; *Page* v. *Thompson*, 33 Ind. 137; *Duck* v. *Abbott*, 24 Ind. 349.

With these views as to the sufficiency of the complaint, we think the court did not err, in overruling the appellant's motion in arrest of judgment.

Conceding the objections of the appellants to the finding of the court below, as they are presented to us, to be well taken, they do not impress us as reasons for issuing a *venire de novo* in that court. As appears to us, the court, in its finding referred to, and in some way passed upon, all the material issues raised by the pleadings. If any mistakes were made in the facts, as found by the court, that constituted a cause for a new trial and not for a *venire de novo*. *The Montmorency Gravel Road Co.* v. *Rock*, 41 Ind. 263. Buskirk's Prac. 205.

It is only when the finding is too vague, indefinite or ambiguous, or when some material omission has been made, that a *venire de novo* ought to be awarded, where the facts have been found by the court. *Bosseker* v. *Cramer*, 18 Ind. 44; *Jenkins* v. *Parkhill*, 25 Ind. 473; *Gulick* v. *Connely*, 42 Ind. 134. It follows, therefore, that, where the finding simply embraces more than necessary, a *venire de novo* ought not to issue.

When a party excepts to the conclusions of law, at which the court has arrived, on a special finding of the facts, he admits that the facts have been fully and correctly found, and can only claim that the court erred in applying the law to the facts. *Cruzan* v. *Smith*, 41 Ind. 288. Applying that rule in this case, we can not see that the court erred, in rendering judgment in favor of the plaintiff, against the defendant Pence, on the facts as found by the court.

For the same reason, we can not hold, that the court erred, in refusing to render judgment in favor of Dehority, against the said Pence, on the finding on the issues between them.

The evidence is not in the record. We are not informed, therefore, why it was the court came to the conclusion that the plaintiff and the said Pence ought to recover of the said Dehority their costs and charges, laid out and expended in the court below, and entered judgment accordingly. It is the general rule, that a party to

an action is not taxed with the costs unless judgment is rendered against him; but there are exceptions to that rule both in law and in equity. We must presume, that, in this case, the evidence disclosed a state of facts which made it equitably proper that the said Dehority should be taxed with all the costs, as was done in the court below.

We have been unable to see any material error in the proceedings below.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.