## WHARTON ET AL. *v.* WILSON, ADM'RX, ET, AL.

PLEADING.—*Exhibit.*—*Judgment.*—A copy of a judgment, filed with a pleading as an exhibit, forms no part of the pleading.

SPECIAL FINDING.—*Supreme Court.*—*Practice.*—Where the record of a cause does not contain the evidence, discloses the making of no motion for a new trial, and shows no exception to the special finding of facts made in the cause, the Supreme Court, on appeal, will assume such finding to have been correct.

SAME.—*Exception to Conclusions of Law.*—An exception to the conclusions of law drawn by the court from a special finding admits that the facts were correctly found, and questions only the correctness of the application of the law to those facts.

JUDGMENTS.—*Priorities of.*—*Notice.*—A general judgment against a debtor, in favor of a creditor, for the recovery of money, is not a specific lien on any particular part, but a general lien on all, of the debtor's real estate, and is subject to all prior liens, legal or equitable, irrespective of any notice to the judgment creditor of the existence of such liens.

SAME.— *Specific Decree.*—Where an equitable claim exists in favor of a creditor, against particular real estate of the debtor, a judgment founded on such claim, decreeing a specific lien against such real estate, has priority over a prior general judgment against the same debtor.

SAME.—*Decedents' Estates.*—*Insolvent Decedent.*—These rules apply in an action under section 78 of the act relating to decedents' estates, 2 R. S. 1876, p. 491, by judgment creditors of an insolvent decedent, to procure the sale, and the distribution of the proceeds, of the decedent's real estate.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley,* for appellants.

*C. F. McNutt, G. W. Grubbs, S. H. Buskirk* and *J. W. Nichol,* for appellees.

NIBLACK, C. J.—This was a proceeding by Jesse Wharton, Reuben S. Aldrich, Simon Summers and The First National Bank of Martinsville, Indiana, judgment creditors of one William W. Wilson, deceased, against Amanda B. Wilson, the widow, as the administratrix of the estate of said deceased, and in her own right, and William V. Wilson, the only child of said deceased, praying for the sale of certain real estate of which the said William W. Wilson died seized, and on a portion of which a mill was situated, and for the distribution of the proceeds of such real estate amongst the several judgment creditors of the

deceased, according to their respective rights and interests in such proceeds. 2 R. S. 1876, p. 523, sec. 78.

The complaint set out certain judgments, which the plaintiffs had severally recovered during the year 1871 and the early part of the year 1872, against the said William W. Wilson, who was then in full life, which judgments were alleged to be liens on the real estate of which he afterward died seized, as above stated.

The complaint also alleged the death of said William W. Wilson, in 1873, and the appointment of the said Amanda B. Wilson as administratrix of his estate; and also described the real estate of which the deceased so died seized, and alleged the insufficiency of the personal estate of the deceased to pay the plaintiffs' judgments, or any considerable portion of the same.

It also alleged, that, on the 2d day of August, 1872, a portion of said real estate, known as the mill and mill property, was sold by the sheriff of Morgan county, on an execution issued on an older judgment against the said William W. Wilson, in favor of Thomas Davis and Alfred T. Sinker, administrator of Edward T. Sinker, and that the said Davis and Sinker, the plaintiffs in that judgment, became the purchasers of such real estate; that, in less than one year thereafter, and after the death of the said William W. Wilson and the appointment of the said Amanda B. Wilson as his administratrix, the said Davis and Sinker sold and assigned their certificate of purchase to the said Amanda B. Wilson; that, by reason of the premises the plaintiffs were compelled to pay, and did pay, to the said Amanda B. Wilson the sum of thirteen hundred and fifty dollars, in redemption of the sheriff's sale of said real estate, so made to the said Davis and Sinker, as above stated, for which sum the plaintiffs also claimed a lien on said real estate.

The defendants answered jointly, in general denial.

The defendant Amanda B. Wilson answered separately, in several paragraphs.

In one paragraph she alleged, that, in the lifetime of said William W. Wilson, she advanced to him, out of her own separate estate, the sum of one thousand and eighty-nine dollars, to assist him in the erection of his said mill, upon the agreement and express stipulation that she was to have an interest in the mill, and that afterward, at the May term, 1873, of the Morgan circuit court, in a certain action commenced by the said William W. Wilson, in his lifetime, as plaintiff, and in which she and one James E. Burton were defendants, such proceedings were had as resulted in a finding that there was due her the sum of one thousand four hundred and ninety-seven dollars and thirty-two cents, principal and interest, on money advanced by her to assist in the erection of said mill, and that sum was decreed to be a specific lien in her favor on said mill.

In another paragraph she set up, that, in the same proceeding in the Morgan circuit court, lastly above referred to, such further proceedings were had as resulted in a finding that there was due to the said James E. Burton the sum of one thousand seven hundred and forty-one dollars and twenty-five cents, for purchase-money paid by him on said mill, and in entering a decree in his favor, declaring said sum of money also a specific lien on said mill, which said decree had been by the said Burton sold, assigned and transferred to her, the said Amanda B. Wilson.

Issue being joined, the cause was submitted to the court for trial, and, by agreement of the parties, the court made a special finding of the facts, which was in substance as follows:

1st. That the plaintiff Jesse Wharton recovered judgment in the court of common pleas of Morgan county, on the 17th day of June, 1871, against the said William W. Wilson, deceased, for the sum of one thousand eight hundred and twenty-six dollars, which remains unsatisfied.

2d. That the plaintiff Reuben S. Aldrich, on the 17th

day of June, 1871, recovered judgment against the said William W. Wilson, deceased, in the same common pleas court, for the sum of six hundred and fifty-seven dollars and thirty-two cents, which also remains unsatisfied.

3d.   That the plaintiff The First National Bank of Martinsville recovered judgment against the said William W. Wilson, deceased, and others, in that court, on the 23d day of August, 1871, for the sum of six thousand three hundred and eighty-one dollars and seventy-five cents, which also remains unsatisfied.

4th.   That the said bank also recovered judgment, in that court, on the 21st day of August, 1871, against the said William W. Wilson, deceased, for the sum of three thousand six hundred and forty-five dollars and fifty-eight cents.

5th.   That the plaintiff Simon Summers recovered judgment against the said William W. Wilson, deceased, in that court, on the — day of February, 1872, for the sum of one thousand three hundred and fifty-four dollars and thirty cents, which also remains unsatisfied.

6th.   That all said judgments were rendered against the said William W. Wilson, now deceased, in his lifetime.

7th.   That the said William W. Wilson, deceased, at the time of his death, on the — day of ——, 1873, was the owner, and in the possession, of the real estate known as the mill and mill property, which mill and the real estate constituting the site thereof were subject to the conditions, interests therein and liens thereon, hereinafter set forth, in favor of the defendant Amanda B. Wilson and the said James E. Burton.

8th.   That, at his death, the said William W. Wilson left the said defendant Amanda B. Wilson as his widow.

9th.   That, on the 6th day of June, 1871, Thomas Davis and Alfred T. Sinker, administrator of the estate of Edward T. Sinker, deceased, recovered judgment against the said William W. Wilson and James E. Burton, in the said common pleas court of Morgan county, for the sum of one thousand four hundred and eleven dollars and

sixty cents, for the price of an engine bought by them and placed in the mill above described, and still remaining in said mill; also for the sum of sixty-two dollars and eighty cents, costs of suit.

10th. That afterward an execution was issued upon the judgment lastly above named, and levied upon the mill and mill property described in the complaint herein, which said mill and mill property were, after due notice, sold to the said Davis and Sinker, by the sheriff of Morgan county, on the 3d day of August, 1872, for the sum of one thousand two hundred and twenty-one dollars and eighty cents.

11th. That, on said 3d day of August, 1872, the said sheriff executed and delivered to the said Davis and Sinker a certificate of said sale, in the usual form, declaring them entitled to a deed in fee-simple for said mill and mill property, in one year from the date of such certificate, if the same should not be previously redeemed.

12th. That afterward, on the 15th day of May, 1873, the said Amanda B. Wilson procured from the said Davis and Sinker an assignment to her, in writing, of said sheriff's certificate of said sale, which assignment was endorsed upon said certificate.

13th. That, on the 2d day of August, 1873, the plaintiffs paid to the clerk of the Morgan circuit and common pleas courts the amount of the purchase-money paid by the said Davis and Sinker for said mill and mill property, with ten per centum interest thereon for one year, to wit, the sum of one thousand three hundred and forty-five dollars, to redeem said mill and mill property from said sheriff's sale.

14th. That, on the 4th day of August, 1873, the said sheriff executed to the said Amanda B. Wilson a deed to said mill and mill property, which deed was immediately recorded on the record of deeds of Morgan county.

15th. That, on the — day of ———, 18—, the said clerk of the circuit and common pleas courts of Mor-

gan county paid, to the said Amanda B. Wilson, the said sum of money so paid by the plaintiffs in redemption of said mill and mill property from said sheriff's sale.

16th.   That, on the — day of ———, 1873, the said Amanda B. Wilson was appointed administratrix of the estate of the said William W. Wilson, deceased, and still is such administratrix.

17th.   That the said William W. Wilson was, at and before the time of his death, insolvent, and that his estate is also insolvent, there being no personal assets to pay the debts against his said estate or any part thereof.

18th.   That the said William W. Wilson died seized of certain other real estate in Morgan county, in addition to the above mentioned real estate, known as the mill and mill property, describing such additional real estate as it is described in the complaint, along with the other real estate of the deceased.

19th.   That the said Amanda B. Wilson, on the 14th day of May, 1873, in the action set up and referred to in the third paragraph of her separate answer herein, obtained a judgment against the estate of the said deceased, for the sum of two thousand seven hundred and seventy-five dollars, of which amount the sum of one thousand four hundred and ninety-seven dollars and thirty-two cents, was decreed to be a specific lien on the real estate described above as the mill and mill property.

20th.   That the said James E. Burton, on the said 14th day of May, 1873, in the same action referred to by the said Amanda B. Wilson in the said third paragraph of her separate answer, also recovered a judgment against the estate of the said deceased, for the sum of one thousand seven hundred and forty-one dollars and twenty-five cents, which was also decreed to be a lien on said mill and mill property, which judgment was assigned by the said Burton to the said Amanda B. Wilson, on the 4th day of August, 1873.

As conclusions of law from the foregoing facts, the court ordered, adjudged and decreed:

1st. That all the real estate described in the plaintiffs' complaint should be sold as the property of the said William W. Wilson, deceased, at private sale, after four weeks' notice, at not less than the appraised value thereof, for one-third in cash, one-third in nine months and the remaining third in eighteen months—appointing a commissioner to make the sale, and directing him to lease the mill, with the appurtenances, to some suitable person, until the sale thereof.

2d. That the net proceeds arising from the rents and profits of said mill, and from the sale of said mill and mill property, which were sold, as herein above set forth, by the sheriff to Davis and Sinker, on an execution against the said William W. Wilson and James E. Burton, be distributed as follows:

1st. In full discharge of so much of the decree, above referred to, in favor of the said Amanda B. Wilson, as is declared to be a specific lien on such mill and mill property.

2d. In full discharge of the amount of money paid by the plaintiffs to the clerk of the circuit and common pleas courts of Morgan county, in redemption of said mill and mill property from the sheriff's sale thereof to Davis and Sinker.

3d. In full discharge of the decree in favor of the said James E. Burton, assigned to the said Amanda B. Wilson herein above set out.

4th. In discharge of the other judgments referred to and described in the special finding herein, according to their respective priorities in date.

3d. That the proceeds of the sale of the remaining real estate of the deceased should be applied in satisfaction of the several judgments above referred to in the special finding in this cause, and which were rendered against the deceased in his lifetime, according to their priorities in date.

To each of which conclusions of law, at which the court arrived from the facts as found by it in its special finding, except the order for the lease and sale of the mill and mill property, which was by agreement of parties, the plaintiffs at the proper time excepted.

It was further ordered, adjudged and decreed, that the deed executed by the sheriff of Morgan county, on the 4th day of August, 1873, to the said Amanda B. Wilson, for the mill and mill property, in pursuance of the sheriff's certificate assigned to her by Davis and Sinker, as herein above recited in the special finding of the court, be set aside, annulled and held for naught.

The plaintiffs have appealed, and assigned errors on the proceedings below.

Certain questions are presented here upon the sufficiency of some of the paragraphs of the answer, as also of the replies respectively filed and ruled upon during the progress of the cause below, but we are of the opinion, that the questions thus presented do not fully and fairly arise in the cause, and that hence we need not consider them in this opinion.

The most important of these paragraphs consist very materially and very considerably of copies of judgments, decrees and judicial proceedings filed with them, and as if constituting a part of them.

We have several times decided, that such exhibits do not constitute a part of the pleading with which they are filed. *Wilson* v. *Vance*, 55 Ind. 584; *Noble* v. *McGinnis*, 55 Ind. 528; *Pollard* v. *Bowen*, 57 Ind. 232.

We are, therefore, not required to review here the matters and things embraced within those exhibits, to which the arguments of counsel are mainly addressed in discussing those paragraphs.

We do not, at all events, regard it as material to the merits of the cause, as it comes to us, here, that we shall pass upon the sufficiency of the paragraphs in question independently of the exhibits which accompany them, espe-

cially as no substantial injustice appears to have been done to the appellants in making up the issues. That would be a very difficult thing to do intelligently and satisfactorily, where the exhibits are treated as a part of the pleading with which they are filed.

The evidence is not in the record, there was no motion for a new trial, and no exception was taken to the special finding of the facts. We must assume, therefore, that the facts were correctly found by the court.

The exception by the appellants, to the conclusions of law at which the court arrived on the special finding of the facts, operated as an admission that the facts were found correctly, and that the court only erred in its application of the law to those facts. *Dehority* v. *Nelson*, 56 Ind. 414.

The only real and practical question for us to decide, is, Did the court make a proper order for the distribution of the proceeds of the decedent Wilson's real estate, after its lease and sale?

Freeman on Judgments, section 338, says : " 'A judgment is not a specific lien on any particular real estate of the judgment debtor, but a general lien upon all his real estate, subject to all prior liens, either legal or equitable, irrespective of any knowledge of the judgment creditor as to the existence of such liens. In short, a judgment creditor has no *jus in re*, but a mere power to make his general lien effectual, by following up the steps of the law, and consummating his judgment by an execution and levy on the land. * * * A judgment lien on land constitutes no property or right in the land itself. It confers only a right to levy on the same to the exclusion of other adverse interests, subsequent to the judgment; and when a levy is actually made on the same, the title of the creditor for this purpose relates back to the time of the judgment, so as to cut out intermediate encumbrances. * * * The lien of a judgment attaches to all the interest which the debtor had at the rendition of the judgment.' "

Again, in section 357 of the same book, it is said: " The judgment lien ' is a lien only on the interests of the judgment debtor, whatever it may be. Therefore, though he seems to have an interest, yet if he have none in fact, no lien can attach.' * * * The attaching of the lien upon the legal title forms no impediment to the assertion of all equities previously existing over the property. * * * The lien of the judgment creates a preference over subsequently acquired rights, but in equity does not attach to the mere legal title to the land, as existing in the defendant at its rendition, to the exclusion of a prior equitable title in third persons."

The principles thus enunciated, in the two sections quoted from as above, are well sustained by numerous cases cited by the author.

In the case at bar, it was found by the court, that specific liens were decreed against the mill and mill property, in favor of the said Amanda B. Wilson and James E. Burton, respectively, by a court of competent jurisdiction, on alleged equities antedating the rendition of the judgments obtained by the appellants.

Applying the principles above laid down to these specific liens, it follows that they were entitled to precedence over the general judgment liens in favor of the appellants, and that the court did not err in its conclusions of law drawn from the facts as found by it. *Donellan* v. *Hardy*, 57 Ind. 393.

Burton having been one of the defendants in the Davis and Sinker judgment, it was proper that his lien should be postponed in favor of, and made subordinate to, that of the appellants, for the amount paid by them to redeem the mill and mill property from the sheriff's sale on that judgment.

The judgment is affirmed, at the costs of the appellants.