Armstrong v. Fearnaw.

---

## ARMSTRONG v. FEARNAW.

STATUTE OF FRAUDS.—*Verbal Sale of Land.—Part Performance.—Sheriff's Sale.—Action to Set Aside and Quiet Title.—Priority of Equitable Title over Judgment Lien.—Notice.—Possession.—Infancy of Wife.*—A., the owner of certain mortgaged lands, verbally agreed with B. to exchange the same for certain other lands owned by the latter, who also assumed the payment of the mortgage debt. Possession accordingly was mutually exchanged. B. made lasting and valuable improvements, and paid off the mortgage and taxes on the mortgaged premises. Subsequently, a judgment was rendered against A. as principal, and C. as his surety, which was a lien upon the latter tract. Afterward B. conveyed to A. and A. upon request of B., conveyed such tract to D., who had purchased the same from B. Subsequently, execution was issued against A. and C., and such land was sold thereon by the sheriff to C., who had notice of D.'s title, and that B. was still in possession. In an action by D. against C., to set aside such sale and quiet his title, the foregoing facts, in substance, were found specially by the court.

*Held*, that D. was entitled to judgment.

*Held*, also, that the verbal contract had been taken out of the statute by part performance.

*Held*, also, that the lien of a judgment is subject to all prior liens, whether legal or equitable.

*Held*, also, that B.'s possession was notice to C

*Held*, also, that the contract was not affected by the infancy of B.s wife.

From the Clinton Circuit Court.

*L. McClurg* and *J. V. Kent,* for appellant.

*J. N. Sims,* for appellee.

NIBLACK, J.—The object of this action was to set aside a sheriff's sale of, and to quiet the title to, a tract of land. Harrison Fearnaw was the plaintiff, and James K. Armstrong the defendant, below.

The complaint was in two paragraphs, each describing the same transaction somewhat differently, but, in their legal import substantially the same.

The defendant demurred to each paragraph of the complaint, but his demurrer was overruled as to both paragraphs.

Issue being joined, the court heard the evidence and made a finding of the facts out of which the controversy between the parties had arisen. Upon the facts thus found, the court came to the conclusion that the plaintiff was entitled to the relief demanded, and rendered judgment accordingly, against the defendant.

The defendant has appealed, and assigned several errors upon the proceedings below, but the errors thus assigned really raise but two questions:

First. The sufficiency of the complaint;

Second. The correctness of the conclusion of law at which the court arrived upon the facts as it found them.

The finding of the court was as follows:

"William Cunningham died in Clinton county, Indiana, in the year 1863, intestate, seized in fee of the east half of the north-east quarter of section eleven (11), and the west half of the north-west quarter of section twelve (12), all in township twenty-one (21) north, of range two (2) east, in Clinton county, Indiana; that said William left surviving him his widow and nine children; that said widow inherited one-third of said lands, and each of said children inherited two twenty-sevenths thereof; that James A.

Cunningham and William H. Cunningham are two of said children; that James A. Cunningham was the owner of the undivided five-sixths ($\frac{5}{6}$) of the south-west quarter of the south-east quarter of section two (2), in said township and range; that there was upon this last tract [ a mortgage] for the sum of $250, payable to one John W. Ulm; that in 1869 the said James A. Cunningham agreed orally with the said William H. Cunningham, to exchange his interest in this last described tract of land, subject to said mortgage, for the interest of said William H. in the lands left by said William at his death; that said William H. took possession of the lands so traded to him, in 1869, and retained possession thereof until the 28th day of January, 1875; that said William H. so took and retained the possession of said lands under and in pursuance of the oral agreement aforesaid; that he made valuable improvements on said lands, by breaking prairie, building fence, cutting ditches and planting an orchard thereon; that said James A. took possession of the interest of said William H. in their father's estate, about the same time and in pursuance of the same agreement; that neither party conveyed to the other until the 28th day of January, 1875, when the said William H., in pursuance of said agreement, conveyed his interest in his father's estate to said James A.; that, prior to this date, the said William H. had contracted the lands in controversy to the plaintiff in this action; that on said 28th day of January, 1875, at the request of said William H., and in pursuance of said oral agreement, the said James A. conveyed the lands in controversy to this plaintiff; that on the 11th day of March, 1874, one Jackson Douglass and others obtained a judgment against the said James A., and the defendant, James K. Armstrong, for the sum of $468.01, and $81.40 costs, in the Clinton Circuit Court, upon a certain promissory note upon which the said James A. Cunningham was principal and the said

James K. Armstrong was surety ; that on the 16th day of January, 1877, an execution was duly issued on said judgment, against the property of said defendants, and placed in the hands of the sheriff of Clinton county; that said sheriff levied said execution on the lands in controversy, and, after having taken the proper legal steps, sold the same, on the 10th day of February, 1877, to this defendant, for the sum of $550.00 ; that said sheriff issued to said defendant a proper certificate of purchase of said lands ; that at the time and place of said sale, and before said lands were so sold, the plaintiff gave public notice to all persons present, and in the hearing of this defendant, that he, plaintiff, claimed to be the owner of said lands, the lands in controversy, and that he would contest any title which said sheriff's sale might or would pass to any purchaser.

"And the court further finds, that, at the date of the oral agreement aforesaid, the said William H. was married, and that his wife was under the age of twenty-one years ; that said William H. paid off the mortgage aforesaid, and paid all taxes assessed against the lands in controversy from the time that he took possession thereof; that, at the time of the exchange of lands as aforesaid, the said James A. lived upon the lands left by his father, and continued to live there afterward.

"Conclusion : That the sheriff's sale passed no title to the defendant."

The appellee insists that this finding can not be regarded as a special finding, because, as he alleges, all the requirements of section 341 of the code, necessary to make it such, were not complied with upon the trial ; but, as it was treated below by both parties as a special finding, and as the cause was disposed of by the court below upon the theory that it was such a finding, and as it contains what appears to be a fair synopsis of the material facts relied on by the appellee, both in his complaint and upon the trial,

for a recovery in the action, we have thought it best to treat it as a special finding for the purposes of this appeal, without ruling upon the objection urged to it by the appellee here.

We think the facts found by the court make it quite apparent that the verbal contract made by William H. Cunningham, for the purchase of the land in dispute, was taken out of the statute of frauds by a part performance on the part of the former, and became in that way a binding contract soon after it was entered into by the parties to it. That contract was not in any manner impaired by the minority of the wife of the said William H. Cunningham. Her coverture would have prevented her in any event from becoming bound by such contract, however much she might have assented to it. It was competent for her husband to bargain away any of his real estate, subject to her marital rights, and to acquire other real estate, without her concurrence, and without reference to her minority. If the execution of the necessary deeds under said contract was mutually postponed by reason of her minority, the validity of the contract was not thereby affected.

We are therefore of the opinion, that William H. Cunningham had acquired an equitable title to whatever legal interest James A. Cunningham had in the lands in controversy before the judgment under which the appellant claims title was rendered.

A judgment lien is but a general lien on the real estate of the judgment debtor, and is subject to all prior liens, whether legal or equitable, without notice even to the judgment creditor of the existence of such prior liens. *Wharton* v. *Wilson*, 60 Ind. 591.

As to the appellant, the possession of William H. Cunningham was sufficient notice, if notice was needed, of the latter's claim of title.

We see no error, either in the decision of the court upon the demurrer to the complaint, or in the conclusion at which the court arrived, upon the facts found by it, as above stated.

The judgment is affirmed, at the appellant's costs.