Lytle *v.* Lytle *et al.*

----

LYTLE *v.* LYTLE ET AL.

PRACTICE.—*Amendment of Record.*—A record cannot be amended or defects supplied in the Supreme Court by affidavit.

SAME.—*Demurrer.*—A demurrer to an answer for want of sufficient facts tests the sufficiency of the complaint.

SAME.—*Written Instrument.*—*Exhibit.*—*Judgment.*—In a suit on a judgment, it is not necessary to make a copy of the judgment an exhibit to the complaint.

Lytle *v.* Lytle *et al.*

ATTACHMENT.—*Issue Between Attaching Creditors.*—An attaching creditor may contest the claim of other attaching creditors, where the defendant does not appear and defend.

JUDGMENT.—*Presumption of Defendant's Appearance.*—In a suit upon a judgment for alimony in a divorce proceeding, the appearance of the judgment defendant in said proceeding for a divorce will be presumed until the contrary appear.

APPEAL from the Henry Circuit Court.

DOWNEY, J.—Certain of the appellees sued William Lytle, and attached his property, he being a non-resident of the State. The appellant filed a claim under this attachment, being a judgment in her favor for alimony, in a divorce case, against her husband, the said William Lytle. She did not file any transcript of the record in the case for divorce and alimony, with her complaint, but her complaint was held good on demurrer. The attaching creditors answered that no notice of the suit for divorce and alimony was given to the defendant therein, other than "by publication upon affidavit made by her that said William Lytle was a non-resident of the State of Indiana." Mrs. Lytle demurred to this answer, and her demurrer was overruled, and the answer held a bar to her claim. Refusing to reply to the answer, judgment was rendered against her, from which she appeals, and assigns for error that the court improperly overruled the demurrer to the answer.

It is attempted by affidavit, in this court, to show that a copy of the judgment in the divorce and alimony case was filed with the complaint, but we think the record cannot be corrected, or defects in it supplied, in this court, in this manner. If such practice could be allowed, we could not find from the affidavit that the copy was filed, for it does not state that fact. In order that the court may know that a written instrument or copy is filed with the pleading, as constituting the foundation thereof, it should be identified by reference to it and making it an exhibit. *The Peoria, etc., Co.* v. *Walser*, 22 Ind. 73.

The sufficiency of the complaint in this case is brought in question by the demurrer to the answer; for if the complaint

was bad, the issue on the demurrer to the answer was properly determined against the party demurring. We think, however, that the court committed no error in holding the complaint good as against the objection made to it. It is true that it has been repeatedly decided by this court, that it is necessary in bringing an action upon a judgment, or in setting up a judgment as a defence or by way of reply, that a copy of the judgment shall be filed with the pleading; and these rulings have been based on 2 G. & H. 104, sec. 78, which provides, that "when any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading," etc.; but, after mature consideration, we have come to the conclusion that a proper construction of that section of the code, and a regard for convenience and economy in practice, require us to hold that a judgment is not a "written instrument" within the meaning of that section. Deeds, mortgages, bonds, written contracts, promissory notes, bills of exchange, etc., are written instruments. Judgments are in writing, but are not usually called written instruments. The legislature, in framing and enacting the section, evidently had in view only instruments of which "the original, or a copy," might be filed, as the party might elect. The original of a judgment cannot be filed. It is frequently the case that the judgment which is pleaded is a judgment of a court of the same county, and often it is a judgment of the same court in which the pleading is filed. In such cases it is unnecessarily inconvenient and expensive to the party to be compelled to procure a transcript of the record pleaded, which must be a complete record, to be filed with the pleading. If the record is of the court of another county in the State, or of a foreign state, the party pleading it will, of course, have to obtain a copy as evidence, whether it be filed with the pleading or not. It results from this ruling that the case of *Reasor* v. *Raney*, 14 Ind. 441; *Norris* v. *Amos*, 15 Ind. 365, and other cases following them, are overruled. This new construction of the section in question can work no harm to any one in cases already disposed of

in the subordinate courts, for any pleading which would have been good under the former construction should be good under the view of the section which we have taken.

The next question made is, as to the right of the attaching creditors to question the validity of the claim of Mrs. Lytle. This point is decided against the appellant in *The U. S. Express Co. v. Lucas,* 36 Ind. 361.

The third question discussed is, whether a judgment for alimony in a divorce case, where there has been no other notice than by publication in a newspaper, the defendant having been a non-resident of the State, and not having appeared to the action, will constitute a legal cause of action in another suit against the defendant.

This question was answered in the negative in *Beard* v. *Beard,* 21 Ind. 321, and apparently the other way in *Farr* v. *Buckner,* 32 Ind. 382.

In the case at bar, we think the question is not presented. As will be seen from the quotation made by us from the answer, it is not shown in this case that the defendant, in the suit for divorce and alimony, did not appear in that action. We must presume, in favor of the judgment, that he did appear, at least until the contrary shall be shown.

For this reason, the demurrer to the answer should have been sustained by the circuit court.

The judgment is reversed, with costs, and the cause remanded.

*L.* and *W. O. Sexton,* for appellant.

*J. Brown* and *R. L. Polk,* for appellees.