## BROOKS v. HARRIS.

SET-OFF.—*Judgments.*—The fact that judgments are rendered in different courts does not prevent either party from having the one set off against the other.

SAME.—*Judgment Against Principal.*—There must be mutuality in the claims, in order that they may be set off against each other; but where a judgment has been obtained on the relation of A. against B. and his sureties on a constable's bond, B. may have a judgment obtained by him against A. set off against the judgment on the bond.

PLEADING.—*Written Instrument.*—*Judgment.*—A judgment is not a written instrument within the meaning of the statute requiring copies of written instruments in pleading.

SET-OFF.—*Appeal.*—The fact that an appeal has been taken to the Supreme Court from the overruling of an application to allow an appeal from a justice of the peace, after the time limited, does not prevent the judgment from being satisfied by setting off another judgment against it, unless a stay of proceedings be had on the appeal.

SAME.—*Equitable and Legal Title.*—Although an equitable title to the judgment has been acquired by a stranger before the motion is made by the judgment defendant to have it satisfied by being set off against another judgment, yet the legal title will control the equity and authorize the satisfaction.

SAME.—*Motion.*—*Pleading.*—*Practice.*—A motion to satisfy judgments, by setting them off one against another, does not require a complaint or pleading.

APPEAL from the Marion Common Pleas.

WORDEN, J.—Harris filed his motion in writing in the court below, stating, in substance, that on the 13th of January, 1871, Bennett Brooks recovered a judgment against him for one hundred and fourteen dollars and forty cents in that court, a copy of which was filed and made an exhibit; that on the 18th of March, 1871, he recovered a judgment against the said Brooks before Henry H. Boggess, a justice

of the peace of Center township, in said county of Marion, for the amount of eighty-four dollars and ninety cents, including costs, a copy of which was also filed.  He moved to set off the amount of the latter judgment against the former.

The first exhibit filed with the motion shows the recovery of a judgment by the State, upon the relation of Bennett Brooks, for the one hundred and fourteen dollars and forty cents, on a constable's bond, against Charles E. Harris, John Furniss, and Levi Wright, jointly.

The second exhibit shows the recovery of a judgment by Harris against Brooks, before the justice of the peace, as specified in the motion.

The motion was filed on the 26th of April, 1871, and notice thereof served on the defendant on the 27th of the same month.

The defendant appeared and filed an answer of five paragraphs.  The first was pleaded in abatement, and alleges, in substance, that after the expiration of more than thirty days from the recovery of the judgment by Harris against him, before justice Boggess, he made application to the said court of common pleas for leave to appeal from said judgment to said court of common pleas, but that such leave was refused, and that from such refusal he took and perfected an appeal to the Supreme Court, where the cause was then pending and undecided.

The second paragraph was the general denial, which was afterward withdrawn.

The third alleges that on the 20th of January, 1871, and before notice of the motion, for a valuable consideration, he sold the judgment recovered on his relation against Harris, Furniss, and Wright to one Samuel Penn, subject to the lien thereon of attorneys for fees.

Fourth. That on the 20th of January, 1871, and before notice of the motion for set-off, for a valuable consideration, he agreed to sell and assign said judgment recovered on his relation against Harris, Furniss, and Wright to one

Samuel Penn, and afterward, to wit, on the 28th of April, 1871, in pursuance of said agreement, he assigned on the record of said Marion Common Pleas Court all his interest in said judgment to said Samuel Penn, a copy of which assignment is filed, etc.

Fifth. That on the 28th of April, 1871, he assigned by writing on the record of said court of common pleas all his interest in said judgment recovered on his relation against Harris, Furniss, and Wright to one Samuel Penn, a copy of which assignment is filed, etc.

The assignment is as follows:

"For value received, I assign to Samuel Penn all my interest in this judgment.   April 28th, 1871.

"BENNETT BROOKS.

"Attest: WM. J. WALLACE, Clerk."

Demurrers were sustained to each of the paragraphs of the answer, except the second, which was withdrawn, and the defendant excepted.   Thereupon the cause was submitted to the court for trial and finding, as the record shows; and the court, after hearing the evidence, found, amongst other things, that the judgment recovered upon the relation of Brooks against Harris and others was on the bond of Harris as constable, and that Furniss and Wright were his sureties thereon.

The set-off was adjudged as prayed for.

Brooks appeals and assigns errors which bring in review the rulings on the several demurrers.

It is insisted that the motion, which may be regarded as a complaint, does not state facts sufficient to authorize the set-off, and, therefore, that the demurrer should have reached back, and that the complaint should have been held bad.

We do not decide that any complaint was necessary.   In *Hill* v. *Brinkley*, 10 Ind. 102, it was held that the courts would, on motion, set off judgments in the same, and in different, courts.   If no complaint was necessary, then no pleadings were necessary, and all defences could have been introduced on the hearing of the motion without pleading;

and in that view the appellant was not injured by the ruling upon the demurrers.

But we will consider the case as if pleadings were necessary, and determine first whether the written motion was good as a complaint, which, it is obvious, must be the case if it stated facts sufficient to entitle the plaintiff to have the set-off made.

The specific objections are that the judgments set off against each other were rendered in different courts, and that they lacked the essential element of mutuality.

We are of opinion that the fact that the judgments were rendered in different courts does not take away the right to have the set-off made. The right of the parties to have one judgment made to cancel another *pro tanto* is just as perfect where the judgments are rendered in different courts as where they are rendered in the same courts. This objection, in our opinion, is not a valid one.

But under the general principles of our law on the subject of set-off, there must be mutuality in the claims in order that they be set off against each other. We have, however, the following statutory provision:

" In all actions upon a note or other contract against several defendants, any one of whom is principal and the others sureties therein, any claim upon contract in favor of the principal defendant, and against the plaintiff, or any former holder of the note or other contract, may be pleaded as a set-off by the principal or any other defendant." 2 G. &. H. 89.

Following the analogy of this provision, and applying the principle thereof to the setting-off of judgments, we are of opinion that the set-off in this case was properly made. It appears from the finding of the court that the judgment recovered by the State, upon the relation of Brooks, against Harris and the other two defendants therein was upon the bond of Harris as a constable, and the other two defendants therein were sureties on the bond. Hence Harris was the principal in that judgment. The judgment belonged to Brooks, the relator, as much as if the suit had been in his

own name, and not in that of the State.   There is no reason, therefore, on the ground of the want of mutuality, why the judgment which was recovered by Harris against Brooks should not be set off against it.

But the written motion, which we are treating as a complaint, does not show that the judgment recovered by Brooks was recovered against any one else than Harris.   The copy of the judgment set out as an exhibit shows, to be sure, that it was recovered against Harris, Furniss, and Wright, but it does not show, except perhaps inferentially, which was principal and which were sureties.   But the judgments were not written instruments within the meaning of the statute requiring copies of written instruments to be set out. *Lytle* v. *Lytle*, 37 Ind. 281.   And not being required to be set out by copy or otherwise, they constitute no part of the complaint.   *The Excelsior Draining Co.* v. *Brown*, 38 Ind. 384. We have a complaint, then, setting up the recovery of a judgment against Harris alone by Brooks, and seeking to set off against it a judgment recovered by Harris against Brooks.   The complaint is, therefore, in this respect, good on its face.   The allegation that Brooks recovered a judgment against Harris would be true if he recovered it against Harris and others.   Had Brooks pleaded that the judgment which he recovered was against Harris and the others, Harris might have replied that he was principal and the others mere sureties.   This was not done, but the correct result was reached by the finding and judgment of the court.   There is, in our opinion, no valid objection to the complaint.

The first paragraph of the answer was insufficient to bar or abate the action.   There had been no appeal taken from the judgment in favor of Harris, against Brooks, before Esquire Boggess.   The time limited for the taking of such appeal had been suffered to expire, and an application had been made and overruled to allow such appeal to be taken after the time limited, and an appeal had been taken to the Su-

preme Court from the overruling of such application. All this does not affect the judgment. Execution might have been issued upon it, and for all purposes it seems to us to have been a subsisting valid judgment. If application had been made to stay the proceedings in the cause until the decision of the question presented by the appeal to the Supreme Court, doubtless the court could have ordered such stay. *Suydam* v. *Hoyt*, 1 Dutcher, 230. But no such application was made.

We may consider the other paragraphs of the answer together. It may be doubtful whether any of the paragraphs show such an assignment of the judgment recovered by Brooks against Harris and others to Penn as to vest in him the legal title thereto. The statute requires such assignments to be made "on, or attached to, the entry of such judgment or decree." 2 G. & H. 366, sec. 1. *Burson* v. *Blair*, 12 Ind. 371. But we decide nothing upon this question. It is not claimed, in either of the paragraphs, that the assignment was actually made until after the institution of this proceeding to make the set-off, nor until after the notice thereof had been served on the defendant. Penn was a purchaser *pendente lite*, and took his interest subject to the result of the suit. *Kern* v. *Hazlerigg*, 11 Ind. 443. At the time of the institution of this proceeding, the legal title to the judgment was in Brooks. Penn may have acquired an equitable interest in it prior to that time, but as the legal title was then in Brooks, Harris had the legal, as well as the equitable, right to have the set-off made. Where the equities are equal, the law prevails. We are of opinion that the demurrers were properly sustained to the several paragraphs of the answer. We do not intimate any opinion as to the question whether the set-off would have been defeated if the assignment had been made before the institution of this proceeding, in view of the general policy of our law, which does not, in general, permit the transfer of a claim so as to defeat a proper set-off thereto.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.

*J. M. Johnston,* for appellant.

*C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellee.