WILSON *v.* VANCE, ADM'R, ET AL.

PLEADING.—*Former Adjudication.*—*Answer.*—*Copy of Judgment.*—To a complaint by the surviving partner, against the estate of his deceased former partner, for settlement of *specified* items of the partnership business, the defendant answered former adjudication, attaching to his answer a transcript of the pleadings, proceedings and judgment in a former action between the same parties, in the common pleas court, and averring that the matters adjudicated in the former action were the same as those alleged in the latter, and had been fully and finally adjudicated by such court.

*Held*, on demurrer, that such answer is sufficient.

*Held*, also, that the transcript attached to such answer is not a " written instrument " within the meaning of that term as used in section 78 of the practice act, is no part of such answer, and can not be looked to in determining whether the items set out therein are the same as those specified in the complaint.

APPEAL.—*Supreme Court.*—*Superior Court.*—An appeal to the Supreme Court, from the superior court, lies only from judgments or orders of the latter court rendered at general term.

SAME.—*Practice.*—*Petition for Rehearing.*—Where the decision of a cause may be placed upon proper grounds, and is right, a mere erroneous reason therefor, assigned in the opinion, is not sufficient ground for a rehearing.

PRACTICE.—*Superior Court.*—*Supreme Court.*—Error of the superior court, at special term, must be assigned in such court, at general term, or it can not be considered by the Supreme Court on appeal.

SAME.—*Circuit Court.*—An alleged erroneous ruling of the circuit court, made during the pendency therein of a cause afterwards transferred by change of venue to the superior court, must be assigned as error, in the latter court, at general term, or it can not be considered by the Supreme Court on appeal.

From the Marion Superior Court.

Wilson *v.* Vance, Adm'r, *et al.*

*J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellant.

*S. Claypool, J. L. Mitchell, H. C. Newcomb* and *W. A. Ketcham,* for appellees.

WORDEN, C. J.—This was an action by the appellant, against the appellees.

The complaint consisted of five paragraphs, the first four of which were struck out by the consent of the parties.

The defendants answered the fifth paragraph, and the plaintiff demurred to the seventh paragraph of the answer, for want of sufficient facts, but the demurrer was overruled, and the plaintiff excepted.

The plaintiff declining to reply to the seventh paragraph of the answer, judgment was rendered for the defendants.

The ruling on the demurrer to the seventh paragraph of the answer presents the only question involved here.

The fifth paragraph of the complaint alleged, in substance, that the plaintiff and Lawrence M. Vance, the defendants' decedent, in the years 1852 to 1855, inclusive, were partners in the business of building and constructing the Lawrenceburgh and Upper Mississippi Railroad; that Vance was the book-keeper and cashier of the firm, and, as such cashier, received of the firm assets six hundred thousand dollars, and paid out upon the firm indebtedness two hundred thousand dollars; that for the balance of the firm assets said Vance never accounted to the firm or to the plaintiff, and that the plaintiff never received any of the assets whatever.

That the plaintiff superintended the construction of the work, and depended solely upon Vance for the transaction of the financial business of the firm. That the partnership accounts and transactions were never settled by the parties between themselves, though the plaintiff often demanded of Vance a full settlement thereof, but the latter

from time to time deferred the same until his death, in 1863. The firm owed no debts, nor was any thing due the firm, Vance having collected up all its dues. The paragraph sets out a list of assets alleged to have been received by Vance, and charges·him with fraud in several respects, and prays for a full and final settlement of the accounts, and for a judgment for one hundred thousand dollars and other proper relief.

The seventh paragraph of the answer was as follows:

"7th. Further answering, the defendants say, that heretofore, to wit, on the 22d day of January, 1864, said plaintiff filed in the office of the clerk of the court of common pleas of Marion county, Indiana, his certain claim·or complaint, in writing, against Samuel C. Vance, administrator of the estate of Lawrence M. Vance, deceased, being the same Vance mentioned in the complaint herein, alleging, *inter alia,* that he and said decedent were partners in the lifetime of the latter in the business of constructing a railroad between the town of Lawrenceburgh, in the county of Dearborn, Indiana, and the city of Indianapolis, in the same State, which railroad and partnership business are the identical ones mentioned in the complaint herein, and not other; that said partners had never settled said business, and praying that an account might be taken of said partnership transactions by said court, and that the same might be settled by said court, and asking judgment against said estate in the sum of twenty-five thousand dollars; and such proceedings were had thereunder that afterwards, to wit, on the 7th day of February, 1867, being the fourth judicial day of the February term of said court for the year 1867, said court found in favor of the plaintiff in said cause, and assessed his damages at three thousand and eighty-two dollars and forty cents, and ordered said sum to be paid by said administrator, and rendered judgment therefor; and afterwards said plaintiff appealed therefrom to the Supreme Court of Indiana, and afterwards, to wit, on the 2d

day of March, 1871, said judgment was by said court in all things affirmed; and defendant files herewith, and and makes part hereof, a complete transcript of all the proceedings had in said cause in the court of common pleas and Supreme Court, and says that the matters adjudicated in said cause were and are one and the same with those mentioned in the complaint herein; and that said judgment and order were a full and final and complete accounting and settlement of all matters connected with, or in any way referring to, the partnership matters set forth in the complaint filed herein; and they say the plaintiff is thereby estopped from claiming any thing on account of said alleged fraudulent transactions connected with said partnership. Wherefore, on all the facts contained in the foregoing answer, the defendant prays judgment for his costs herein, and for all further relief."

The paragraph of answer, on its face, was clearly good. It alleged that " the matters adjudicated in said cause were and are one and the same with those mentioned in the complaint herein; and that said judgment and order were a full and final and complete accounting and settlement of all matters connected with, or in any way referring to, the partnership matters set forth in the complaint filed herein." Whether the matters adjudicated in the former action were one and the same with those mentioned in the complaint herein, was a question of fact, and the fact is sufficiently and clearly averred.

But the appellant insists that the transcript of the record of the former action, which was professedly filed with and made a part of the answer, shows that the former action did not embrace all, or indeed any very considerable part, of the matters embraced in the present action, and especially did not embrace the matters of fraud charged in the present action; and he insists that we may look to the transcript thus filed, for the determination of this question.

The latter proposition might be true if the transcript

thus filed could be legitimately considered as part of the answer.

The statute provides that "When any pleading is founded on a written instrument, or on account, the original, or a copy thereof, must be filed with the pleading. * * * Such copy of a written instrument, when not copied in the pleadings, shall be taken as part of the record. * * *" 2 R. S. 1876, p. 73, sec. 78.

Thus, whenever a pleading is founded on a written instrument, the copy filed with the pleading, though not copied in the pleading, becomes a part of the pleading, because it becomes a part of the record. But this is not true with reference to papers or documents that are not written instruments within the meaning of the statute, though they may be the foundation of the pleading. The statute makes copies of written instruments a part of the record, when they are the foundation of any pleading, but it does not make copies of other documents, not written instruments, a part of the record, though the pleading may be founded upon such documents.

In *Lytle* v. *Lytle*, 37 Ind. 281, it was held, that a judgment was not a "written instrument" within the meaning of the statute, and, therefore, that a copy or transcript thereof need not be filed with a pleading founded upon it. This decision has been followed in a number of cases since.

It was not necessary to have filed a transcript of the judgment pleaded, with the answer; and being filed, it did not become a part of the answer, because the judgment was not a written instrument, a copy of which, when filed with a pleading founded thereon, becomes, by the statute, a part of the record. This view is supported by the following cases: *The Excelsior Draining Co.* v. *Brown*, 38 Ind. 384; *Brooks* v. *Harris*, 41 Ind. 390; *Knight* v. *The Flatrock, etc., Turnpike Co.*, 45 Ind. 134; *Trueblood* v. *Hollingsworth*, 48 Ind. 537.

Except so far as the statute makes written instruments

or copies thereof, when filed with the pleading, a part of the record, it is against our entire system of legal procedure to regard copies of documents, constituting evidence in the cause, filed with the pleading, as a part of the pleadings. That would be but pleading the evidence, instead of the facts.

Issues are of two kinds; of law and of fact. "Issues of law must be tried by the court. Issues of fact must be tried by a jury, unless a jury trial is waived." 2 R. S. 1876, p. 164, sec. 320.

On an issue of law raised by a demurrer, the court determines no fact whatever, but determines the law on the facts stated in the pleading to which the demurrer is addressed.

In this case, the defendants filed a valid paragraph of answer, as we have seen, setting up a former adjudication upon the same matters involved in this action. The averments of the paragraph are clearly sufficient. They also filed a transcript of the judgment in the former action.

If the court were to look into the transcript thus filed, to ascertain whether it supported the allegations of the answer, in respect to the identity of the matters involved in the two actions, and were to decide accordingly, it would be deciding a question of fact on demurrer.

If, in point of fact, the two causes of action were different, and not identical, issue might have been taken on the answer, and the question might have been tried as a question of fact, but it could not be determined on demurrer. If documents filed with a pleading can be looked to in order to control the averments of the pleading, and make the pleading invalid, the converse must be true, and such documents or papers may be looked to, in order to help out a defective pleading and supply the lack of necessary averments. Such documents or papers, not written instruments within the meaning of the statute before noticed, though filed with a pleading and professedly made a part thereof, can not, in our opinion, be

looked to for the purpose of determining the validity or invalidity of the pleading, which must stand or fall upon its own averments, without reference to the documents accompanying it. How far written instruments or copies thereof, such as the statute makes a part of the record when filed with a pleading, may be looked to for the purpose of controlling the averments of the pleading, or supplying the lack of averments, we do not decide, no such question being involved here.

The court below, at general term, declined to look to the transcript filed with the paragraph of answer, for the purpose of determining its sufficiency, and in this they committed no error.

The judgment below is affirmed, with costs.

### ON PETITION FOR A REHEARING.

WORDEN, J.—A petition for rehearing has been filed in this case, which we proceed to consider.

A demurrer was sustained to the first four paragraphs of the complaint, and the plaintiff excepted. In the original opinion we disposed of the questions supposed to arise upon these paragraphs, by saying that they were struck out with the consent of the parties.

In the petition for a rehearing, our attention is called to a subsequent portion of the record, which we had overlooked in the preparation of the original opinion, by which it appears that the order striking out the paragraphs was set aside. This of course left the paragraphs in the record, the same as if they had never been struck out.

But the appellees insist, nevertheless, that no question arises upon those paragraphs, or upon the ruling in sustaining the demurrers thereto, in this court.

This, it will be remembered, is an appeal from the Marion superior court. An appeal lies to this court from orders and judgments rendered by that court at general

term, only. 2 R. S. 1876, p. 27, sec. 27. An assign-- ment of error, here, must be based upon the action of the court below at general term ; and no question can be considered here, except such as was embraced in the assignment of error on appeal from the special to the general term, below. Buskirk Prac. 128, *et seq.*, and authorities there cited.

The action was originally brought in the Marion court of common pleas, and was taken by change of venue to the Hendricks court of common pleas, from which it seems to have passed into the circuit court of that county, on the dissolution, as we suppose, of the court of common pleas. While the action was pending in the Hendricks circuit court, the demurrers to the four paragraphs were sustained.

Afterwards, by the agreement of the parties, for their convenience and that of the witnesses, the venue was changed to the Marion superior court.

On appeal from the special to the general term the only error assigned was the following :

" The court, in special term, erred in overruling the plaintiff's demurrer to the 7th paragraph of the defendants' answer."

It is thus seen that no question was presented to the court below, at general term, in respect to the ruling on the demurrers to the four paragraphs of the complaint; and hence no question can arise on that ruling in this court.

We see no reason why the Superior court at general term, on appeal to it from special term, may not take cognizance of and rectify all errors committed in the previous progress of a cause, whether committed in that court, or some other court, from which the cause is removed into that court by change of venue, upon such errors being properly assigned.

There is no question before us in respect to the ruling on the demurrers to the four paragraphs of the complaint.

This grows out of a different reason from that stated in the original opinion; but a wrong reason for a right decision can be no ground for a rehearing, where the decision can be placed upon the proper ground.

We are also asked to reconsider the other questions originally decided, but we are satisfied, upon again looking into the case, with the decision of the other questions involved.

The petition for a rehearing is overruled.

Original opinion filed at November Term, 1876, and that on petition for rehearing, at May Term, 1877.

