## WILLIAMS *v.* TAYLOR.

SET-OFF.—*Judgments.*—*Equitable and Legal Title.*—Although an equitable title to a judgment has been acquired by a stranger prior to a proceeding by the judgment defendant to have it set off against another judgment, yet the legal title will control the equity and authorize the set-off to be made.

From the Howard Circuit Court.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellant.

*N. P. Richmond, J. W. Kern* and *J. E. Moore,* for appellee.

SCOTT, J.—Motion by appellant, against the appellee, to set off judgments.

Facts made by appellant :

On the 5th day of June, 1875, one McCoy recovered a judgment, in the Howard Circuit Court, against the appellee, for the sum of eighty-seven dollars and forty cents. On the 18th day of June, 1877, the appellee recovered a judgment against the appellant, in the Howard Circuit Court, for the sum of one hundred dollars. On the 12th day of July, 1877, McCoy, for a valuable consideration, assigned on the order book his judgment for eighty-seven dollars and forty cents to the appellant, which assignment was duly attested by the clerk. On the 13th day of July, 1877, the appellant filed his motion to set off these judgments.

The appellee answered that he did not own the judgment of one hundred dollars, but had, on the —— day of June, 1877, transferred the same to one Waters.

The facts in support of this answer are the appellee's own testimony, which was as follows :

" Question. State your name to the court?

"Answer. Joseph Taylor.

" Q. Are you the defendant ?

"A. Yes.

" Q. Are you the owner of the judgment of one hundred dollars, obtained by you against Jesse D. Williams, referred to in plaintiff's motion ?

"A. I am not. Monroe Waters owns it. I told Monroe Waters he might have it in a few days after it was taken. I owed him and turned it over to him. I owed him something near one hundred dollars, and we jumped

accounts, I paying my indebtedness to him with this judgment.

"Q. Did you ever make any written assignment of this one-hundred-dollar judgment?

"A. No.

"Q. Did you ever make an assignment of the judgment against Williams of one hundred dollars, other than just simply telling Waters that he might have it

"A. No, sir."

The court found for the defendant, and, over a motion for a new trial, rendered judgment for the appellee and against the appellant, for costs.

We are of opinion that the finding and judgment of the circuit court were erroneous. At the time of the institution of this proceeding, the legal title to the judgment was in Taylor. Waters may have acquired an equitable interest in it prior to that time, but, as the legal title was then in Taylor, Williams had the legal, as well as the equitable, right to have the set-off made. *Brooks* v. *Harris*, 41 Ind. 390.

The judgment is reversed, with costs; cause remanded for further proceedings in accordance with this opinion.