No. 7066.

## JONES ET AL. *v.* LEVI.

PLEADING.—*Judgment.*— *Transcript.* — *Exhibit.* — *Practice.* — *Demurrer.*— Where a judgment is pleaded in bar of an action, a transcript thereof, filed with the plea as an exhibit, does not make such transcript a part of the plea, such transcript not being a written instrument within the meaning of section 78 of the code, and a demurrer to such plea will not raise any question either upon the transcript or the validity of the proceedings set out therein.

EVIDENCE.—*Secondary.*—*Record.—Contents, How Proved.*—Where a record is lost, its contents may be proved, like the contents of any other document, by the best available secondary evidence.

SAME.—A sworn copy of a record constitutes a well recognized species of secondary evidence, ranking next to a duly attested copy.

SAME.— *Complete Transcript.*—Where a transcript of the record entries in a cause affords proper evidence of such proceedings as were embraced therein, such transcript is admissible in evidence, although it may not be a complete transcript of the whole cause.

JUDGMENT.—*Partition.*—*Misjoinder of Causes of Action.*— *Collateral Attack.*—A judgment in an action for partition can not be attacked collaterally on account of a misjoinder of causes of action therein.

PARTITION.—*Jurisdiction.*—*Presumption.*—Where, in an action for partition, the petition embraced lands lying in two counties, it will be presumed that the jurisdiction of the court of the county in which suit was instituted extended to the lands in the other county until the proceedings upon the petition as to them were ended, no dismissal or discontinuance of the action as to the lands in·the county in which such suit was commenced having been shown.

COURTS.—*Evidence.*—*Records of Common Pleas Courts.*—*Transcript.*—The records of common pleas courts became a part of the records of the circuit courts, respectively, by section 81 of the act of 1873, Acts 1873, p. 97, and they are admissible in evidence in the circuit court without a transcript thereof.

GUARDIAN AND WARD.—*Decedents' Estates.*—*Notice of Sale.*—*Collateral Attack.*—Upon a petition by an administrator for an order to sell the real estate of a decedent, such administrator, who was also the guardian of the minor heirs of such decedent, filed on behalf of his wards his written assent thereto, which order was granted,without further notice to such heirs.

*Held,* that such order of sale can not be collaterally attacked.

DECEDENTS' ESTATES.—*Sale of Real Estate by Administrator.*—*Venue.*— *Jurisdiction.*—On the petition of an administrator for an order to sell

real estate of a decedent, the jurisdiction of the court of the county where such land is situate is concurrent with that of the county where letters of administration were granted.

From the Huntington Circuit Court.

*L. M. Ninde* and *T. E. Ellison,* for appellants.

*B. M. Cobb, B. F. Ibach* and —— *Markell,* for appellee.

NIBLACK, J.—This action was commenced by Francis M. Jones and Richard H. F. LaFontaine as children and heirs at law of Thomas LaFontaine, deceased, against Jacob Levi, to establish a claim to lot No. 37 in Roche's addition to the town, now city, of Huntington. Richard soon afterward died without issue, and the action was subsequently prosecuted in the joint names of his co-plaintiff and of his mother, Martha LaFontaine, the alleged widow of the said Thomas LaFontaine.

The complaint, as amended, was in three paragraphs. The first demanded the possession of two undivided third parts of the lot, and also partition between the plaintiffs and the defendant. The second asserted a claim to two-thirds of the lot, and demanded partition. The third demanded possession of the whole lot, and damages for its detention.

The defendant answered:

1st. A former adjudication of the plaintiffs' title, and a sale of the lot from the plaintiffs and others in a suit for partition in the Miami Circuit Court, in which one Nancy LaFontaine, or Wild Cat's daughter, a Miami Indian, claiming to be the widow of Thomas LaFontaine, was plaintiff, and one Eliza LaFontaine and the said Martha LaFontaine, Francis M. Jones, Richard H. F. LaFontaine, and Moses Falk and John Roche were defendants, filing with the paragraph, and as a part of it, a copy of the proceedings in that court.

2d. In substantial denial of the complaint.

The plaintiffs demurred to the first paragraph of the an-

swer, but their demurrer was overruled. Issue being joined, a trial by the court resulted in a finding for the defendant, and, over a motion for a new trial, judgment was rendered in his favor upon the finding.

Questions are made here upon the sufficiency of the first paragraph of the answer, and upon certain matters reserved by the motion for a new trial.

The objections urged to the first paragraph of the answer are addressed to the transcript filed with that paragraph, upon the theory that the transcript, when filed, became a part of the paragraph. But we have frequently held' that the filing of a transcript of a judicial proceeding with a pleading, does not make such transcript a part of the pleading with which it is so filed, the transcript not being a written instrument within the meaning of section 78 of the practice act. *Parsons* v. *Milford*, 67 Ind. 489 ; *Morrison* v. *Fishel*, 64 Ind. 177 ; *Wharton* v. *Wilson*, 60 Ind. 591. The demurrer to the first paragraph of the answer did not,· therefore, raise any question, either upon the transcript or upon the validity of the proceedings set out in it.

It was made to appear upon the trial that Thomas LaFontaine had died seized of the lot in controversy, and of other lands in Huntington county ; that, after his death, Nancy LaFontaine, above named, claiming to have been the first woman married to the said Thomas, and to be then his lawful widow, filed her petition in the Miami Circuit Court, setting up a claim, as such widow, to certain lands in Miami county, and to the Huntington county lands above referred to, and praying partition of the lands in both counties ; that the appellants and the said Eliza LaFontaine, the daughter of the said Nancy, Richard H. F. LaFontaine, Moses Falk and John Roche were made defendants to such petition ; that, acting upon the petition thus filed and the issues formed upon it, the Miami Circuit Court ordered partition of the Huntington county lands to be made between the said Nancy, Eliza,

Martha, Richard and Francis; that, a report having been made that a proper partition of those lands could not be made, they were ordered to be sold; that, at the sale, the said Nancy became the purchaser of the lot in dispute, and afterward received a conveyance therefor; that this lot, under the order and direction of the court of common pleas of Huntington county, was again sold and conveyed by one Aaron B. Scott, as the administrator of the said Nancy, to one Wilhelmina Young, who sold and conveyed it to the appellee; that, at the time the appellee received his conveyance, he had no notice of any adverse claim to the lot.

It was further shown that, during the progress of the partition proceedings, the said Martha, Francis and Richard made no claim to the Miami county lands, and that the only claim set up to such lands, adverse to the plaintiff Nancy, was by Moses Falk, but the precise nature of his claim was not shown, as his answer was lost from the files of the Miami Circuit Court, and no secondary evidence was offered as to what it contained. Nor was it shown what ultimate disposition, if any, was made of the Miami county lands by the Miami Circuit Court. The record introduced in evidence showed nothing as to those lands subsequent to the filing of Falk's answer.

The clerk of the Miami Circuit Court testified, on behalf of the appellee, that he had made diligent search in his office for the original papers in the partition case above named, and could not find them. Henry B. Sayler then testified that he was the attorney for the appellants and Richard H. F. LaFontaine in the partition case in question, and that he had made copies of all the original papers in the case, except a demurrer and the answer of Falk. The witness thereupon produced papers, which he testified to being the copies he had so taken, and, over the objection of the appellants, these papers were read in evidence to the court. Certified copies of all the record entries made in the same cause were then

also read in evidence over the like objection of the appellants.

The appellants insist that these supposed copies of the original papers were erroneously admitted in evidence, because they were made by an unauthorized person, and not certified to and attested by the proper officer, the rule being that papers constituting a part of the record of a cause can only be proven by duly certified transcripts, notwithstanding such papers may have been either lost or destroyed. But we think the rule thus insisted upon can not be maintained. Where a record is lost, its contents may be proved, like the contents of any other document, by the best available secondary evidence. 1 Greenl. Ev., sec. 509 ; *Sanders* v. *Sanders*, 24 Ind. 133. A sworn copy of a record constitutes a well recognized species of secondary evidence, ranking next to a duly attested copy. 1 Greenl. Ev., sec. 501.

The objection made to the admissibility of the transcript of the record entries in the cause is that the transcript produced was not a complete transcript of the whole cause. No authority is cited, however, to sustain this objection, and we know of none which can be fairly construed to sustain it. The transcript evidently afforded proper evidence of such proceedings as were embraced within it, without reference to the means which may have been resorted to to establish other facts material to the appellee's defence.

The appellants further insist that the Miami Circuit Court had no jurisdiction to decree partition of the Huntington county lands, inasmuch as it was shown to that court that the appellants and Richard H. F. LaFontaine neither had nor made any claim of title to the lands in Miami county. It may have been that there was a misjoinder of causes of action in that partition suit, owing to the diverse interests of the defendants in the several tracts of land sought to be divided (see *Kitchen* v. *Sheets*, 1 Ind. 138), but the judg-

ment awarding the partition could not have been reversed on account of such a supposed misjoinder.    2 R. S. 1876, p. 59, sec. 52.    It necessarily follows that such judgment can not be attacked collaterally on account of such a misjoinder of causes of action.

A petition for partition may be filed in the circuit court of the county in which the lands, or any part thereof, may lie.    2 R. S. 1876, p. 344, sec. 2.    The petition of Nancy LaFontaine therefore gave the Miami Circuit Court jurisdiction over all the lands embraced in each petition; and as no dismissal or discontinuance of the action as to the Miami county lands was shown, it must be assumed that the jurisdiction of that court extended to the Huntington county lands, until the proceedings upon the petition were, as to them, ended.    For aught that was made to appear upon the trial, the partition suit may still be pending in the Miami Circuit Court, as to the Miami county lands.

The proceedings of the common pleas court of Huntington county, in the matter of Aaron B. Scott, administrator of Nancy LaFontaine, on petition to sell real estate, were also read in evidence to establish Scott's authority to make sale of the lot in suit to Wilhelmina Young.    These proceedings were read from the records of that court, over the objection of the appellants.

It is earnestly contended that the proceedings thus read in evidence could only be proved by a duly attested transcript, and that it was for that reason error to permit the original record to be produced in court.

Greenleaf, at section 501, *supra*, says : "As *to the proofs of records*, this is done either by mere *production* of the records, without more, or by a copy." "The *record itself* is produced only when the cause is in the same court, whose record it is ; or, when it is the subject of proceedings in a superior court."    Id., section 502.

The records of the common pleas court of Huntington

county, at the time of the trial, belonged to and constituted a portion of the records of the Huntington Circuit Court. Acts of 1873, p. 97, section 81. There was, therefore, no error in permitting these common pleas court records to be produced in evidence instead of transcripts which might have been taken from them. *Miller* v. *The State, ex rel.,* 61 Ind. 503. At the time Scott, as the administrator of Nancy LaFontaine, filed his petition for the sale of the lot for which this action was prosecuted, he was also guardian for the minor and only heirs of the said Nancy, and as such guardian, and on behalf of said minor heirs, filed with his petition his assent in writing to the sale of the lot. The sale of the lot was thereupon ordered, without further notice to such minor heirs.

It is further contended that the assent of Scott thus filed was a nullity, it being incompetent for him at the same time to represent two adverse interests, and that in consequence the common pleas court of Huntington county was without jurisdiction to order a sale of the lot. For this reason, also, the appellants objected to the proceedings upon Scott's petition being read in evidence.

Section 76 of the act concerning decedents' estates, 2 R. S. 1876, p. 521, provides for notice upon the filing of a petition by an executor or administrator for the sale of real estate. Section 77 of the same act further provides that, "Whenever any of the persons interested in such real estate are of lawful age, and shall signify in writing their assent to such sale, the notice required by this section may be dispensed with as to such persons, and if such persons be minors, and their guardians give such assent, such notice shall not be required."

While the practice adopted by Scott, in filing his assent as above, is one not to be commended, and involves a proceeding liable to great abuse, we can not say that it was not authorized by section 77 above set out. *Seward* v. *Clark,*

67 Ind. 289. Evidently the order of sale, made upon the faith of such assent, can not be attacked collaterally.

As Nancy LaFontaine died in Miami county, and as letters of administration were issued upon her estate in that county, it is maintained that the court of common pleas of that county had exclusive jurisdiction of all matters pertaining to the settlement of her estate, and that, hence, the common pleas court of Huntington county had no power or authority to order the sale of the lot in question.

A different doctrine was, however, enunciated by this court in the case of *Williamson* v. *Miles*, 25 Ind. 55. Following that case, we feel it incumbent upon us to hold that, as the lot lay in Huntington county, the jurisdiction of the court of common pleas of Huntington county over the sale of it was concurrent with that of the common pleas court of Miami county.

We have thus passed upon all the questions presented by the record in this case, and find no cause for a reversal of the judgment.

The judgment is affirmed, with costs.

Opinion filed at May term, 1880.
Petition for a rehearing overruled at May term, 1881.