No. 7816.

McSweeney v. Carney.

FORMER ADJUDICATION.—*Pleading*.—A plea of former adjudication need not contain a transcript or copy of the judgment therein, and if filed with such plea, it can not be regarded as a part thereof.

SAME.—*When Judgment in Former Suit a Bar*.—It is only where the point in issue has been determined in a former suit, that the judgment therein is a bar to a subsequent action; but if the suit is discontinued, or the plaintiff was non-suited, or for any other cause there has been, and could have been, no judgment of the court on the matter in issue, the proceedings are not conclusive.

SAME.—*Point in Issue.—Question of Fact.—Demurrer.—Pleading*.—Whether the point in issue was adjudicated is a question of fact, and the court can not, on a demurrer, go beyond a plea, averring that it was adjudicated, to determine that fact.

From the Rush Circuit Court.

*J. Q. Thomas* and *J. J. Spann*, for appellant.
*G. H. Puntenney* and *A. B. Irvin*, for appellee.

WOODS, J.—Complaint in replevin. The appellee answered, that as sheriff of said county he had, on the 20th day of August, 1878, levied on the property, mentioned in the complaint, on execution in favor of Michael O'Neal against Dennis McSweeney, and advertised the same for sale on said writ, as the property of said Dennis. That on the 24th day of August, 1878, the plaintiff commenced an action of replevin in this (the Rush Circuit) Court against the defend-

McSweeney v. Carney.

ant and said O'Neal, and said property was taken from the possession of this defendant by virtue of the writ issued in said replevin suit. That afterward, on the 21st day of December, 1878, such proceedings were had in said cause, that a judgment was rendered against the plaintiff, and for the return of said property to this defendant, and in case return could not be made, for five hundred dollars, the value of said property. That, on the 16th day of January, 1879, said O'Neal caused an order and execution for the return of said property to issue on said judgment, which was placed in the hands of this defendant, as the sheriff of said county, and on the 17th day of January, 1879, he did, by virtue of said order and execution, seize said property, and kept possession thereof until the 1st day of February, 1879, when it was again taken from his possession by virtue of the writ of replevin issued in this cause. That the property mentioned in the judgment rendered in said cause of Mary A. McSweeney against said O'Neal and this defendant, is the same property mentioned in plaintiff's complaint, and that said judgment and order was a full, final and complete adjudication of the matters set forth in the complaint in this cause; and that the acts complained of, and committed by this defendant, were done as sheriff of said county, and not otherwise; wherefore, etc.

The appellant's motion to strike out this answer, and her demurrer thereto, on the ground that sufficient facts were not stated, were overruled and exceptions reserved, and the plaintiff refusing to plead further, judgment was given for the defendant.

Counsel for the appellant insist that this answer is defective because a transcript of the former judgment referred to was not filed with, and made a part of, the plea. That such a transcript or copy thereof was unnecessary, and if filed could not have been regarded as a part of the answer, is well settled. *Wilson* v. *Vance*, 55 Ind. 584.; *Davenport* v.

*Barnett*, 51 Ind. 329 ; *Brooks* v. *Harris*, 41 Ind. 390 ; *Wyant* v. *Wyant*, 38 Ind. 48 ; *Campbell* v. *Cross*, 39 Ind. 155 ; *Lytle* v. *Lytle*, 37 Ind. 281 ; *Parsons* v. *Milford*, 67 Ind. 489 ; *Mull* v. *McKnight*, 67 Ind. 525.

It is claimed, that the answer does not show that the matters in controversy, in the case at bar, either actually were determined in the former action, or that they might have been litigated under the issues of that case, and particularly that it is not shown, that the ownership of the property was tried, or in any manner determined.

In support of their argument on this point, counsel have presented with their brief a transcript of what they claim to be the record of the former adjudication referred to in the plea, and ask us to observe that the action was not disposed of, on a trial of the merits, but dismissed because of the insufficiency of the complaint.

It can hardly be necessary to say, that this court can not try a question of fact, by the briefs of counsel as evidence, and certainly not for the purpose of reaching a conclusion as to the sufficiency of an answer to withstand a demurrer which admits the facts to be true exactly as pleaded. If counsel were not willing to abide by the facts as stated in the plea, they should have replied according to the truth, as they claim it to have been. There can be no doubt of the general rule contended for, that it is only where the point in issue has been determined, that the judgment is a bar, and that, if the suit is discontinued, or the plaintiff was nonsuited, or for any other cause there has been, and could have been, no judgment of the court on the matter in issue, the proceedings are not conclusive. *Winship* v. *Winship*, 43 Ind. 291, and cases cited ; but we can not go beyond the pleading in question, to learn that the point in issue was not determined, or that the former suit was discontinued.

Looking to the averments of the answer now under consideration, we find it alleged that the plaintiff sued the

McSweeney *v.* Carney.

defendant and O'Neal, the execution plaintiff, in replevin for the property now in suit, and that such proceedings were had in said cause, "that a judgment was rendered against the plaintiff, and for the return of said property to this defend-ant, and in case return could not be made, for $500.00, the value of said property. That the property mentioned in said judgment * * .* is the same property mentioned in plaintiff's complaint, and that said judgment was a full, final and complete adjudication of the matters set forth in the complaint in this cause."

These averments clearly make the answer good in the respect in which it is challenged. Whether said judgment was a full, final and complete adjudication of the matters set forth in the complaint was a question of fact, and the fact is sufficiently well averred. *Wilson* v. *Vance, supra.*

Counsel argue at great length, that the appellant, under section 363 of the code, had a right to dismiss her suit with-out prejudice, and that the act of March 5th, 1877, Acts 1877, Reg. Sess., p. 101, amending section 374, is unconsti-tutional in so far as it provides that, "if the plaintiff dis-miss his action, or if he fails to prosecute the same, and the cause is dismissed, judgment for the defendant may be for the return of the property, or its value in case return can not be had, and damages for the taking and withholding of the property." The argument, however, is not applicable, for it does not appear that the judgment in question was ren-dered upon a dismissal, or failure of the plaintiff to prosecute her action. On the contrary, as already stated, the answer shows a final adjudication of the matter set up in the com-plaint, and if appellant desired to make an issue upon the constitutionality of the act referred to, she should have shown by a reply that the judgment was rendered on a dis-missal of the. action.

Judgment affirmed, with costs.