No. 11,724.

CONWELL v. CONWELL.

PLEADING.—*Exhibits.*—*Judgment.*—The transcript of a judgment need not be filed with the complaint, and if filed is no part of the record, and will not be considered upon demurrer to the complaint, even if it shows that the court which rendered the judgment had no jurisdiction.

From the Grant Circuit Court.

*A. Steele* and *R. T. St. John*, for appellant.

*J. L. Custer*, for appellee.

COLERICK, C.—This action was brought by the appellant upon a judgment rendered in her favor in the circuit court of Champaign county, Illinois. The complaint consisted of two paragraphs, to each of which a separate demurrer, on the ground that the same did not state facts sufficient to constitute a cause of action, was sustained. The appellant declining to amend her complaint, final judgment, on demurrer, was rendered against her, from which she has appealed to this court, and assigns as errors the rulings of the court upon said demurrers.

The material averments in both paragraphs of the complaint were alike. In each it was averred, in substance, that the appellee was indebted to the appellant in the sum of $1,-100 upon a judgment " duly rendered and pronounced by the circuit court of Champaign county, in the State of Illinois," in her favor against the appellee. A copy of the judgment and proceedings in the action in which it was rendered was filed with the complaint. It was also averred that said court " had full power and complete jurisdiction of the matters in litigation in said action," and of the persons of the parties thereto. A provision of the statutes of Illinois, authorizing personal service of process without the State upon defendants in actions instituted in the courts of the State, was recited, but it was not alleged in the complaint, nor did the facts therein averred show, that the defendant in said action was served with

process without the State. It was also averred that said judgment was due, in full force, unreversed, and unappealed from, and wholly unpaid.    Wherefore, etc.

The only objections that have been urged against the sufficiency of the complaint are based upon matters appearing in the transcript of the proceedings and judgment filed with the complaint.    None of these objections can be considered, as the transcript is not a part of the complaint.

A judgment is not a " written instrument " within the meaning of the statute which provides that " When any pleading is founded on a written instrument or on account, the original, or a copy thereof, must be filed with the pleading," etc., R. S. 1881, section 362, and, therefore, a copy or transcript thereof need not be filed with a pleading founded upon it.    *Lytle* v. *Lytle,* 37 Ind. 281 ; *Robb* v. *City of Indianapolis,* 38 Ind. 49 ; *Campbell* v. *Cross,* 39 Ind. 155 ; *Brooks* v. *Harris,* 41 Ind. 390; *Hinkle* v. *Reid,* 43 Ind. 390 ; *Law* v. *Vierling,* 45 Ind. 25 ; *McCaffrey* v. *Corrigan,* 49 Ind. 175 ; *White* v. *Webster,* 58 Ind. 233 ; *Mull* v. *McKnight,* 67 Ind. 525 ; *Dunning* v. *Rogers,* 69 Ind. 272; *McSweeney* v. *Carney,* 72 Ind. 430; *Jones* v. *Levi,* 72 Ind. 586 ; *Hopper* v. *Lucas,* 86 Ind. 43 ; *Cosgrove* v. *Cosby,* 86 Ind. 511. And if so filed it does not become a part of the pleading, and can not be examined or considered for the purpose of determining the sufficiency or insufficiency of the pleading.    Its sufficiency must be tested and determined without reference to the transcript. *Brooks* v. *Harris, supra; Harshman* v. *Armstrong,* 43 Ind. 126 ; *McSweeney* v. *Carney, supra; Hopper* v. *Lucas, supra; Fisher* v. *Hamilton,* 49 Ind. 341 ; *Jones* v. *Levi, supra.*

Examining the complaint in this case, without reference to the transcript filed therewith, we find that both paragraphs thereof were sufficient, on demurrer, as each of them expressly averred that the judgment therein mentioned was duly rendered in an action wherein the court rendering the same had jurisdiction over the subject-matter of the action, and the person of the defendant thereto, and hence we must hold that

the court below erred in sustaining the demurrers.   For the error so committed the judgment should be reversed.

PER CURIAM.—The judgment of the court below is reversed, at the costs of the appellee, and the cause is remanded, with instructions to the court to overrule the demurrers to both paragraphs of the complaint, and for further proceedings.

