Filed Dec. 29, 1885.

———◆———

No. 11,890.

HUSEMAN v. SIMS ET AL.

PLEADING.— Written Instrument.—Exhibit.—Practice.—Under section 362, R. S. 1881, it is only where the complaint is founded on a written instrument that the filing of a copy as an exhibit makes it a part of the record.

SAME.—Improper Exhibit will not Aid Complaint.—Where a writing which is not the foundation of the action is filed with the complaint as an exhibit, it can not be looked to to supply an omitted averment, or to otherwise aid the complaint.

EXEMPTION FROM EXECUTION.—Refusal to Allow.—Complaint for Damages.—Pleading.—A complaint to recover damages for the alleged unlawful seizure and sale on execution of property claimed as exempt must state all the facts necessary to show that the plaintiff had complied with the requirements of section 714, R. S. 1881, providing for inventory and affidavit.

From the Dearborn Circuit Court.

H. D. McMullen, for appellant.

J. K. Thompson, for appellees.

HOWK, J.—The sustaining of appellees' demurrer to his complaint, for the alleged want of sufficient facts therein to constitute a cause of action, is the only error of which the appellant complains in this court.

In his complaint the appellant Huseman alleged that the appellee Sims was the sheriff of Dearborn county and had been such for two years prior to October 1st, 1883; that, on the 5th day of October, 1882, the appellees Placke and

Schulze obtained a judgment in the Dearborn Circuit Court for the sum of $1,059.25; that, of the money so recovered in such judgment, the sum of $750 was due as rent on a written lease for certain real estate, theretofore leased to appellant by the appellees Placke and Schulze, and the sum of $250 of such judgment, including costs, was for damages assessed against appellant for the unlawful detention of such real estate after the expiration of such lease; that the appellees levied upon and sold, of appellant's property, more than three hundred dollars' worth, over and above the property herein claimed as exempt; that, on the 6th day of October, 1882, the appellees Placke and Schulze caused to be issued out of the clerk's office of such court an execution for the collection of such judgment; that such execution was delivered to sheriff Sims, on the 6th day of October, 1882, and, by virtue of such execution, sheriff Sims levied on all of appellant's property; that the appellant filed his schedule and demanded that the property specified therein, after deducting the said sum of $250 for damages for unlawful detention, be set off to him as exempt from levy and sale under such execution, which the appellees refused to do, but proceeded to advertise such property and sold the same; that the appellant was, at the time of such levy and sale, and had been since, a resident householder and citizen of the county of Dearborn, in the State of Indiana, and was and had been entitled to exemption. A copy of the appellant's schedule and appraisement was filed with and made part of the complaint. And the appellant said, that, by means of the premises, he was damaged in the sum of $600, for which and for all proper relief he demanded judgment.

The joint demurrer of all the appellees to appellant's complaint was sustained by the court. The only question we are required to consider and decide may be thus stated: Does the appellant's complaint, the substance of which we have given almost in his own language, state facts sufficient to con-

stitute a cause of action in his favor and against the appellees or either of them?

In discussing the sufficiency of appellant's complaint appellees' learned counsel says: "The complaint, we submit, is manifestly bad for two reasons, namely:

"1st. The execution was issued on a judgment, not founded on contract, but on tort, and no exemption is allowed; and,

"2d. The complaint does not show that the appellant entitled himself to claim an exemption.

"Considering these objections to the complaint in the inverse order of their statement, the so-called exhibit filed with the complaint, to wit, the copy of appellant's schedule and appraisement, is not a proper exhibit, and hence is no part of the complaint, and can not be looked to in determining the question of its sufficiency. *State, ex rel.,* v. *Read,* 94 Ind. 103; *Conwell* v. *Conwell,* 100 Ind. 437."

We are of opinion that the second objection urged by appellees' counsel in argument to the sufficiency of appellant's complaint is well taken, and must be sustained. Appellant has sued in this action to recover damages for the alleged unlawful seizure and sale upon execution of his property, which he had the right to claim, and had in fact claimed, as he averred, as exempt from such seizure and sale. It can not be said with any degree of accuracy, that the schedule and appraisement of appellant's property were, in any proper sense, the foundation of his alleged cause of action which he attempted to state in his complaint. Under section 362, R. S. 1881, it is only where the complaint is founded upon a written instrument that the filing of a copy thereof with the complaint makes such copy a part of the record; indeed, it may well be doubted, we think, whether the appappellant's schedule and appraisement were a "written instrument," within the meaning of that expression as used in the statute. *Jones* v. *Levi,* 72 Ind. 586; *Hopper* v. *Lucas,* 86 Ind. 43; *Conwell* v. *Conwell, supra.*

The copy of appellant's schedule and appraisement is no part of his complaint, and, therefore, we can not look to such copy in aid of the averments of the complaint or to supply an omitted averment. It is certain the complaint fails to show that the appellant, in claiming his exemption, had substantially complied with the requirements of section 714, R. S. 1881, in this, that he had made and subscribed the affidavit, of and concerning his property, which the statute imperatively required of him, before he could be entitled to claim the benefit of any of the provisions of our exemption laws. In *State, ex rel.*, v. *Read, supra*, the court said : "It is not necessary to set forth the schedule in an answer, as it is not the foundation of the defence. *Hall* v. *Hough*, 24 Ind. 273. The defence consists of the right to the exemption and a compliance with the statutory requirements as to making, verifying and filing the schedule. An answer, which shows the person to be entitled to the exemption and to have filed such a schedule as the law requires with the proper officer, is good. This is done in the present instance by fully stating all the material facts, and this is the proper method."

In the case in hand, the appellant did not fully state in his complaint all the material facts necessary to show his substantial compliance with the requirements of section 714, *supra*. Therefore his complaint was bad for the second reason assigned as above by appellees' counsel; and this conclusion renders it unnecessary for us to consider the first reason assigned as above by such counsel.

The demurrer to the complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed Dec. 30, 1885.