The Gum-Elastic Roofing Co. *v.* The Mexico Publishing Co. *et al.*

———— ✦ ————

No. 17,187.

THE GUM–ELASTIC ROOFING COMPANY *v.* THE MEXICO PUBLISHING COMPANY ET AL.

PLEADING.—*Sufficiency of Complaint.—Improper Exhibit can not Aid Complaint.*—In an action to vacate a judgment rendered by a justice of the peace, and to enjoin its collection, the certified transcript of the judgment and the proceedings before the justice, if filed with the complaint as an exhibit, do not thereby become a part of the record, and can not be considered in determining the sufficiency of the complaint.

SAME.—*Judgment and Proceedings, in Suit to Vacate Same, Need not be Made Exhibit to Complaint.*—In an action to vacate a judgment and enjoin its collection, a transcript of the judgment and proceedings need not be made an exhibit to the complaint.

JUDGMENT.—*Erroneous but not Void.—Can not be Enjoined.—For Greater Amount than Demanded.*—Where the court has jurisdiction of the person and the subject-matter, the fact that the judgment rendered was for a greater amount than was alleged by the affidavit in the attachment proceedings to be due, does not make the judgment void, and it can not be enjoined.

JURISDICTION.—*Of Person.—Of Subject-Matter.*—That the court had jurisdiction both of the person and the subject-matter, see opinion.

From the Marion Circuit Court.

*M. Moores,* for appellant.

*J. E. Florea,* for appellees.

MONKS, J.—The appellant, who was the plaintiff below, instituted this action against the appellees to vacate a judgment rendered by a justice of the peace and to enjoin the collection of the same.

It is alleged in the complaint "that the Mexico Publishing Company, on November 7, 1892, recovered a pretended judgment in proceedings in attachment and garnishment against the plaintiff and against certain indebtedness due the plaintiff from the Kimberlin Manufacturing Company, before a justice of the peace, which judgment was in and for the sum of eighty-six and $\frac{70}{100}$ dollars and cost of such proceeding, and the plaintiff makes said pretended judgment a part of this complaint, and files a duly certified transcript of said judgment and of all the proceedings herewith as a part of this complaint, marking such transcript exhibit A."

The plaintiff avers that such pretended judgment was and is null and void for the following reasons:

"1.  Because the said justice of the peace had no jurisdiction of the subject-matter.

"2.  Because such justice had no jurisdiction of the person of the said Gum-Elastic Roofing Company.

"3.  Because no valid or legal process was ever served upon said Gum-Elastic Roofing Company, and no sufficient ground was shown for publication of notice to said defendant.

"4.  Because the affidavit upon which the proceedings in attachment and garnishment were commenced before the justice of the peace states no ground for an attachment against said roofing company.

"5.  Because the only process under which the said Gum-Elastic Roofing Company was before said justice being publication of notice to such company as a nonresident, and said company not having entered an appearance and not being in court, either by its officer,

agent or attorney, said justice of the peace exceeded his jurisdiction and rendered judgment against the said corporation for the sum of $86.70 and cost, while the amount stated in the affidavit in attachment filed in said proceedings, on behalf of the said Mexico Publishing Company, stated that said Mexico Publishing Company ought to recover the sum of $68.60, and gives said sum as the amount sought to be recovered.

"6. Because said justice of the peace attempted to render a judgment for a larger amount than the sum stated in the affidavit in attachment as due from the said plaintiff herein to said Mexico Publishing Company.

"Wherefore, plaintiff prays that said judgment be vacated and annulled and held for naught, and that the defendants and each of them be perpetually enjoined from enforcing, or seaking to enforce, said so-called judgment."

Appellees filed separate demurrers to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, which were sustained, and appellant excepted. Appellant refused to amend the complaint, and judgment was rendered in favor of the appellees.

Did the court err in sustaining the demurrers to the complaint?

This is the only question to be decided.

The certified transcript of the judgment and proceedings before the justice of the peace, which were filed with the complaint as an exhibit, did not thereby become a part of the record and can not be considered in determining the question of the sufficiency of the complaint. *Conwell* v. *Conwell*, 100 Ind. 437; *Brooks* v. *Harris*, 41 Ind. 390; *Wharton* v. *Wilson, Admx.*, 60 Ind. 591; *Morrison* v. *Fishel*, 64 Ind. 177; *Parsons, Admr.*, v. *Milford, Admr.*, 67 Ind. 489; *Lytle* v. *Lytle*, 37 Ind. 281;

*Wilson* v. *Vance, Admr.*, 55 Ind. 584; *Matheney* v. *Earl*, 75 Ind. 531, on page 533; Thornton Indiana Practice Code, section 362, note 2.

When a recovery is sought on a note, mortgage or other contract in writing, our code requires that a copy of the same be filed with the pleading, but when the cancellation or legal destruction of such an instrument is demanded this rule does not apply. *Johnson* v. *Moore*, 112 Ind. 91; *Heitman* v. *Schnek*, 40 Ind. 93; *Barkley* v. *Tapp*, 87 Ind. 25.

Examining the complaint in this case, without reference to the transcript, we find that the first, second, third, and fourth reasons given for the judgment of the justice of the peace being void are mere conclusions and do not help the complaint in any way. Facts, not conclusions, must be averred. *Kleyla* v. *Haskett*, 112 Ind. 515; *Guerin* v. *Kraner*, 97 Ind. 533; *Kern* v. *Hazlerigg*, 11 Ind. 443; *Clark* v. *Lineberger*, 44 Ind. 223; *McClamrock* v. *Flint*, 101 Ind. 278.

The fifth and sixth specifications present substantially the same question.

It appears from the allegations in the fifth specification, that the appellant was a nonresident corporation and was served by publication of notice, that said corporation did not enter any appearance to said cause, and was not in court by any officer, agent or attorney, and that the justice rendered judgment against the appellant for a greater amount than the sum stated in the affidavit in attachment.

Counsel for appellant contend "that the justice of the peace had no jurisdiction over the person of the appellant. The complaint contains no allegation showing a want of such jurisdiction. On the contrary, it is alleged that the only process under which appellant was before

said justice being publication of notice as a nonresident.'' This, then, is a case where the justice had jurisdiction over the person of the appellant, and does not fall within the rule declared in the following cases cited by counsel for appellant: *Penrose* v. *McKinzie*, 116 Ind. 35; *Johnson* v. *Ramsay*, 91 Ind. 189; *Brickley* v. *Heilbruner*, 7 Ind. 488; *Grass* v. *Hess*, 37 Ind. 193; *Earl* v. *Matheney*, 60 Ind. 202; *Cain* v. *Goda*, 84 Ind. 209.

The justice also had jurisdiction over the subject-matter. Sections 953 and 1433, R. S. 1881; Statutes 1894 (Burns ed.), sections 965 and 1500.

Counsel for appellant urge that the judgment is void for the reason that the justice of the peace rendered judgment for a greater amount than the sum stated in the affidavit in attachment, and cites, in support of this proposition, the following cases: *Henrie* v. *Sweasey*, 5 Blackf. 273; *Rowley* v. *Berrian*, 12 Ill. 198; *Hichins* v. *Lyon*, 35 Ill. 150; *Hobson* v. *Emporium Co.*, 42 Ill. 306; *Forsyth* v. *Warren*, 62 Ill. 68; *Fellows* v. *Dickens*, 5 La. Ann. 131; *Tilton* v. *Cofield*, 2 Col. 392.

These cases do not sustain the contention of counsel for appellant. The legal proposition they declare is that ''The plaintiff in attachment proceedings is not entitled to a judgment for a greater sum than he demands by his affidavit, together with interest, if the debt be such as to draw interest.''

In the cases cited, the question was presented and determined on appeal. There is no intimation that a judgment so rendered would be void.

In *Henrie* v. *Sweasey, suprà,* this court held that it was error to render a judgment for a greater sum than the plaintiff demands in his affidavit in attachment, together with interest, if the debt be such as to draw interest, and reversed the cause for that reason.

The rendition of the judgment for a greater amount

than the sum stated in the affidavit did not deprive the justice of jurisdiction nor render the judgment void. If such action of the justice was erroneous, the judgment could not be enjoined, the court having jurisdiction of the parties and the subject-matter. *Earl* v. *Matheney, supra; Williams* v. *Hitzie,* 83 Ind. 303; *De Haven* v. *Covalt,* 83 Ind. 344; *McAlpine* v. *Sweetser,* 76 Ind. 78; *Hume* v. *Conduitt,* 76 Ind. 598.

The court below did not err in sustaining the demurrers to the complaint.

The judgment is therefore affirmed.

Filed Jan. 10, 1895.