PATRICK FLYNN *vs.* MICHAEL GORMAN *et al.*

PROVIDENCE—MARCH 27, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Pleading and Practice at Law.   Former Judgment.   Nul tiel record.*

Although the ordinary reply to a plea of former judgment is *nul tiel record*, it is not the only reply.  Like any other apparent bar to an action, it may be confessed and avoided.

(2)  *Judgments.   Pleading Former Judgment.*

A judgment is not conclusive unless it is on the merits of the case.

The avoidance of an inconclusive judgment should be specially pleaded.

DEBT on a lease.   The facts appear in the opinion.   Heard on demurrer of defendants to replication to fourth plea.   Demurrer overruled.

STINESS, C. J.   The plaintiff sues, in an action of debt, to recover the rent of a liquor-saloon for one year under a written lease.   The defendants plead a former judgment in their favor in an action of assumpsit "for the breach of the very same promises and undertakings."   The plaintiff replies, confessing the former judgment and setting up in avoidance that the judgment was not given on the merits of the case, but for the reason that the facts proved would not sustain the form of action set forth in said former suit.   The defendants demur to this replication because it does not join issue upon the record set forth, and because it does not deny the

allegation that the present suit is for the same matters and causes of action as were involved in said former suit.

(1)    Although the ordinary reply to a plea of former judgment is *nul tiel record*, it is not the only reply.   Like any other apparent bar to an action, it may be confessed and avoided. A judgment is not conclusive unless it is a judgment on the merits of the case.   A judgment on a dismissal, nonsuit, default, and the like, does not settle the rights of the parties.

Thus in *Paine* v. *Schnectady*, 12 R. I. 440, the replication to a plea of former judgment was sustained, which set up that although the claim sued on had been pleaded in set-off in the prior suit, it was withdrawn and not passed upon.

(2)    The general rule that a judgment works an estoppel only when it is a judgment on the merits is beyond question.   If a judgment is rendered because of some defect, and it is pleaded in a second suit, the plaintiff cannot reply that there was no such judgment.   He admits the judgment and sets up the controlling fact that it was not upon the merits.   9 Ency. Pl. & Pr. 627.   In *McSweeney* v. *Carney*, 72 Ind. 430, it was held that an avoidance of a judgment upon a dismissal of the action must be specially pleaded.

It is said in Black on Judgments, section 693 : " If the first suit was dismissed for defect of pleadings, or a misconception of the form of proceeding, or on any ground that did not go to the merits of the action, the judgment rendered will be no bar."   If these things will avoid the judgment, they may be proved ; and if they can be proved as an issue, they can be pleaded.

In this case the replication clearly shows the inconclusiveness of the former judgment in the fact that this suit is in debt on a lease under seal, while the former suit was in assumpsit, a clear misconception of the form of action.

Demurrer to the replication overruled.

*John H. Flanagan*, for plaintiff.

*John W. Hogan*, for defendants.